STATE OF NORTH CAROLINA v. PAUL HIGGINS

No. 7226SC728

(Filed 22 November 1972)

1. **Criminal Law § 84; Searches and Seizures § 1— automobile removed to police station — warrantless search — probable cause**

    Warrantless search of defendant's automobile after the automobile had been removed to the Law Enforcement Center following defendant's arrest for being an accessory to murder was lawful where the police had probable cause to believe that defendant and the automobile in question were connected with a murder and that the automobile or some article contained within it was subject to seizure in connection with the murder, and heroin found during the search was properly admitted in evidence in defendant's trial for possession of heroin.

2. **Narcotics § 1— possession of heroin — felony**

    The possession of any quantity of heroin constitutes a felony under the provisions of the Controlled Substances Act.

APPEAL from *McLean, Judge,* 3 May 1972 Session of Superior Court held in MECKLENBURG County.

Defendant was convicted under an indictment charging him with a violation of the North Carolina Controlled Substances Act.

The State's evidence tended to show that on the afternoon of 3 January 1972, a uniformed police officer, Officer Christmas, was on duty alone in a marked police patrol car when he observed a passing brown Pinto automobile driven by defendant and containing two other people. The officer had been alerted to watch for such a car which was believed to have been used in a recent murder. Officer Christmas followed the Pinto in his patrol car and while keeping the same under observation, radioed the Pinto's tag number to police headquarters in order to verify identification of the tag. Having obtained a positive identification of the tag number and believing the defendant driver to fit the description of a suspect also wanted in connection with the murder, the officer radioed for assistance. The Pinto had, by this time, pulled into a gasoline service station and stopped. Officer Christmas stopped behind the Pinto, got out of the car and positioned himself so that he could look through the rear window of the Pinto. He then observed the defendant driver place a green bottle with a white cap between

the seat and the door on the passenger side of the front seats in the Pinto. As soon as additional police officers arrived at the scene, Officer Christmas drew his service revolver, approached the Pinto and had all three occupants of the car get out. Officer Ruckart, assigned to the City of Charlotte Police Department, Criminal Investigation Bureau, arrived on the scene, placed defendant under arrest for being an accessory to murder, searched him and then had defendant and the other two occupants of the car taken into custody. The brown Pinto automobile was removed to the Law Enforcement Center parking area where it was searched by Officer Christmas and another officer. On the floor of the Pinto they found a green bottle with a white cap containing 17 foil packets. Analysis of the contents of those packets revealed the presence of the heroin.

The defendant called one of the other occupants of the brown Pinto whose testimony tended to show that the defendant had not placed any green bottle with a white cap anywhere on the right-hand side of the automobile. The testimony also tended to show that the backs of the front seats of the car in question would allow someone standing behind the car to see only a small portion of anyone occupying the front seats and that the occupant of the rear seat was placed so as to further obstruct the view.

The jury found defendant guilty of the offense of possession of heroin. He was sentenced to imprisonment for a period not to exceed five years and was given credit against his sentence for time served awaiting trial.

*Attorney General Robert Morgan by Henry E. Poole, Associate Attorney, for the State.*

*James J. Caldwell for defendant appellant.*

VAUGHN, Judge.

[1]  Defendant's first assignment of error challenges the admissibility of the green bottle and the 17 foil packets it contained on the grounds that they were discovered as the result of a warrantless search of an automobile at a time and place remote from the arrest of defendant. Defendant had not objected to earlier testimony that the State's Exhibit (the green bottle containing foil packages) contained heroin. Upon defendant's

objection, the court excused the jury, conducted a *voir dire* and, upon findings of fact which are supported by the evidence, concluded that the search was lawful and allowed the exhibit in evidence.

A warrantless search and seizure based upon a reasonable belief arising out of circumstances known by the seizing officers that an automobile contained articles which the officers are entitled to seize has been held to be valid. *Carroll v. United States,* 267 U.S. 132, 69 L.Ed. 543; *Brinegar v. United States,* 338 U.S. 160, 93 L.Ed. 1879. A warrantless search and seizure based upon probable cause has been held to be lawful though conducted at a time and place remote from the time and place of the original detention of the vehicle. *Chambers v. Maroney,* 399 U.S. 42, 26 L.Ed. 2d 419. In *Chambers,* the police had probable cause to believe that four men, carrying guns and the fruits of a robbery, had fled the scene of the crime in a car of a particular description. Based upon this probable cause, the police stopped a particular car, took the occupants into custody, removed the car to the police garage and searched it without a warrant, seizing certain incriminating evidence which was used to convict the occupants of the car. Discussing the choices of immediately conducting a warrantless search based upon probable cause at the scene and on the other hand seizing and holding a car before presenting the probable cause issue to a magistrate, the court concluded that, "Given probable cause to search, either course is reasonable under the Fourth Amendment."

In the present case, the record discloses that the police had probable cause, based upon the testimony of three witnesses given to Officer Ruckart, to believe that defendant and a brown Pinto automobile bearing the license number in question were connected with a murder committed on Christmas Day, 1971. A warrant for the arrest of defendant was outstanding. The officers had probable cause to believe that the brown Pinto, or some article contained within it, was subject to seizure in connection with the investigation of that murder. It has long been the rule that discovered evidence which is not related to the crime which created a basis for the search originally, is admissible. *Harris v. United States,* 331 U.S. 145, 91 L.Ed. 1399; *Abel v. United States,* 362 U.S. 217, 4 L.Ed. 2d 668, reh. den. 362 U.S. 984, 4 L.Ed. 2d 1019. We hold that the admission into evidence of the green bottle and the 17 foil packets containing

traces of heroin did not violate any rights of defendant and does not constitute prejudicial error.

[2] Defendant's argument that the amount of heroin seized is insufficient to support a conviction and that judgment of nonsuit should have been entered for that reason is without merit. The possession of any quantity of the drug heroin constitutes a felony under the provisions of the North Carolina Controlled Substances Act.

Defendant, through his court appointed counsel, has brought forward and argued other assignments of error. After due consideration, we hold that they fail to disclose prejudicial error.

No error.

Judges HEDRICK and GRAHAM concur.