STATE OF NORTH CAROLINA v. JOHN PHILLIP WHITE

No. 7326SC53

(Filed 11 April 1973)

1. Arrest and Bail § 3— arrest without warrant for carrying concealed weapon — probable cause

Police officers had probable cause to arrest defendant without a warrant for carrying a concealed weapon in violation of G.S. 14-269 when they stopped defendant's car to make a routine driver's license check and, upon inquiry by the officers as to the contents of a paper bag on the back seat, defendant removed a revolver therefrom.

2. Searches and Seizures § 1— search of seized articles at police station — search incident to arrest

Where police officers lawfully arrested defendant for carrying a concealed weapon in a paper bag in his automobile, seizure of the bag at the arrest scene and search of the bag at the police station without a warrant were incident to the arrest, and heroin found in

the bag during the search at the police station was properly admitted in evidence.

**3. Witnesses § 7— reference to notes made by another — refreshing recollection**

The trial court did not err in allowing a police officer in the course of his testimony to refer to notes made by another officer.

**4. Narcotics § 4— possession of heroin found in car — sufficiency of evidence**

The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of felonious possession of heroin found in a paper bag on the back seat of defendant's car.

APPEAL by defendant from *Seay, Judge,* at the 14 August 1972 Schedule "B" Criminal Session of MECKLENBURG Superior Court.

In an indictment proper in form defendant was charged with the felonious possession of heroin. Evidence favorable to the State tended to show:

On 28 March 1972 at approximately 2:00 a.m., Mecklenburg County police officers were stopping cars for the purpose of checking driver's licenses at the intersection of Sunset and Beatties Ford Road. Defendant's car approached said intersection and stopped. Upon request, defendant displayed a valid New York driver's license. Officer Frye noted that defendant's automobile license plate had expired and informed defendant of this fact. Officer Frye then saw a " ' . . . reflection from within a brown paper bag sitting on the backseat' " and asked defendant three times what the bag contained. Defendant reached to the back seat and withdrew a .44 Magnum revolver from the bag. On order of the officer, defendant dropped the gun on the floorboard of the back seat. Defendant was removed from the car, placed under arrest for carrying a concealed weapon and searched; $726 in small bills was found on defendant's person. A companion in defendant's car was arrested and searched; 46 bags of heroin were found on the companion's person.

The officer returned the revolver to the bag from which it was withdrawn and carried the bag and its contents to the Law Enforcement Center. The bag was first opened and checked by police at the Center, where the bag was found to contain 37 tinfoil packets of a substance determined to contain heroin.

Defendant entered a plea of not guilty and from a jury verdict of guilty of felonious possession of heroin and judgment

imposing a prison sentence of not less than three nor more than five years, defendant appealed.

*Attorney General Robert Morgan by Henry T. Rosser, Assistant Attorney General, for the State.*

*Arthur Goodman, Jr., and Howard J. Greenwald for defendant appellant.*

BRITT, Judge.

Defendant contends that the trial court erred in denying his motion to suppress evidence obtained from a search of his car and the search and seizure of the bag containing 37 packets of heroin found therein. Defendant argues that the officer who seized the bag did not have probable cause to believe that the bag contained either "the instrumentalities or the fruits of a crime" and that this warrantless search was unreasonable and therefore violated defendant's Fourth Amendment Constitutional rights. We do not agree.

[1] It is clear that the police officers were authorized to stop defendant's car to make a routine driver's license check. G.S. 20-183(a); G.S. 20-7; *State v. Allen*, 282 N.C. 503, 194 S.E. 2d 9 (1973). When defendant removed the revolver from the bag, the police properly arrested him without a warrant inasmuch as they had reasonable ground to believe defendant was committing a misdemeanor—carrying a concealed weapon in violation of G.S. 14-269—in their presence. G.S. 15-41. Defendant does not challenge the legality of the arrest.

[2] A warrantless search and seizure may be made when incident to a valid arrest. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed. 2d 685 (1969); *State v. Allen, supra*. An element of the crime for which defendant was arrested is concealment of the deadly weapon; therefore, the bag was proper evidence in proving the crime for which defendant was arrested. The record does not indicate that the bag was taken for any other purpose.

Defendant argues that the subsequent examination of the bag and discovery of the 37 packets of heroin was not incident to the arrest but occurred at a later time and was therefore unlawful. We reject this argument.

While our research discloses no precedent directly in point —and defendant cites none—we believe the analogy that fol-

lows is sound. It has been held that a car that may be searched without a warrant where it is stopped may be searched later at a police station without a warrant. *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed. 2d 419 (1970). Recognizing that the paper bag could have been opened at the time the car was stopped as a lawful search incident to the arrest, we feel that the bag could lawfully be opened without a warrant later at the Law Enforcement Center as a valid extension of the *Chambers v. Maroney* rule. Furthermore, it has been held that discovered evidence not related to the crime which created a basis for the original search is admissible. *Harris v. United States,* 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); *State v. Higgins,* 16 N.C. App. 581, 192 S.E. 2d 699 (1972). We hold that under the facts in this case, the court did not err in admitting the challenged evidence.

[3] Defendant next contends that the trial judge erred in permitting Officer Gibson to testify using notes made by Officer Frye. To support this contention, defendant argues that the two officers gave inconsistent testimony at the preliminary hearing; that at the trial the court granted defendant's motion to have State's witnesses sequestered; but, when the court permitted Officer Gibson in the course of his testimony to refer to notes made by Officer Frye, defendant was prejudiced.

The record is silent with regard to proceedings at the preliminary hearing, defendant's motion to sequester witnesses, the court order granting sequestration and the text of the notes. Matters discussed in the brief outside the record will not be considered on appeal. *State v. Roberts,* 279 N.C. 500, 183 S.E. 2d 647 (1971).

Even so, the record does indicate that Officer Gibson in testifying referred to notes Officer Frye said he had made. In Stansbury, N. C. Evidence 2d, § 32, pp. 60-62, we find:

> " * * * In the ordinary case the device used for stimulating the memory is a memorandum or other writing made by the witness himself, but it is well settled that a writing made under the supervision of the witness or by another in his presence may also be employed, and no good reason is apparent why any object perceptible to the senses, or even a sound or an odor, should not be used with propriety, as well as any writing regardless of its source. In any event the evidence consists of the testimony of the witness,

---

and not of the device by which his memory is revived, and cross-examination is always available to bring to light any improper practice or suspicious circumstance."

The contention is without merit.

[4]  Finally, defendant maintains that the court erred in denying his timely motion for nonsuit. We hold that when the evidence in this case is considered in the light most favorable to the State, as we are required to do, *State v. Bolin,* 281 N.C. 415, 189 S.E. 2d 235 (1972), it is plenary to take the case to the jury and to support a guilty verdict.

For the reasons stated, we find

No error.

Judges MORRIS and PARKER concur.