STATE OF NORTH CAROLINA v. LAWRENCE TALTON DARK, III

No. 7324SC417

(Filed 7 August 1974)

1. Arrest and Bail § 4— city police officer — arrest outside city limits — validity

Since a city police officer has all the powers invested in law enforcement officers by statute or common law within one mile of the corporate limits of the city, defendant's arrest by an officer of the Blowing Rock Police Department outside the city limits was not illegal where there was no evidence and defendant did not contend that the arrest was made more than one mile beyond the corporate limits. G.S. 160A-286.

2. Arrest and Bail § 3—— driving under the influence — warrantless arrest — validity

Although defendant's arrest for operating a vehicle while under the influence of intoxicating liquor was made without a warrant, it was a misdemeanor which, when the arrest was actually made, the officer had reasonable ground to believe had been committed in his presence, since the officer observed defendant operate his vehicle for a distance of ten feet before stopping him and then smelled alcohol on defendant's breath as the officer approached him.

3. Arrest and Bail § 3— stopping vehicle — probable cause for arrest

Though the arresting officer had no probable cause to believe that defendant had committed any offense when he stopped defendant's truck, the officer did have authority to stop the vehicle, and the existence of probable cause at the time the truck was stopped was not essential to validity of defendant's subsequent arrest. G.S. 20-183(a).

4. Arrest and Bail § 3— warrantless arrest — time of making

Though an officer stopped defendant's vehicle, approached it with his pistol drawn, instructed defendant and his companion to get out, ascertained their identity, and returned his pistol to its holster, defendant was not placed under arrest until the officer told defendant he was under arrest for driving under the influence, and the arrest at that time was valid.

State v. Dark

5. Arrest and Bail § 7; Constitutional Law § 32— right of defendant to communicate with friends and counsel

　　Where the officer who administered a breathalyzer test to defendant advised him of his right to have a lawyer and a witness present to observe the test and where both the arresting officer and the magistrate advised defendant of his right to make a telephone call, defendant's rights were not violated following his arrest by denial of opportunity to contact family or friends.

6. Criminal Law § 99— remark by trial judge prior to calling of jury — no expression of opinion

　　Where the trial judge, just prior to the calling of defendant's case, dismissed a felony charge against another defendant and in so doing made an ill-advised comment which was heard by prospective jurors in defendant's case, there was no violation of G.S. 1-180 since that statute relates only to expressions of opinion during the trial of a case, and the trial of a case begins within the purview of the statute when the prospective jurors are called to be examined touching their fitness to serve on the trial jury.

7. Criminal Law § 99— remarks of trial judge in chambers — no expression of opinion

　　Defendant failed to show prejudice by remarks made by the trial judge in chambers in a private conversation with defendant's father concerning the judge's policy of giving an active sentence to any defendant appearing before him on a charge of driving under the influence if the jury returned a verdict of guilty.

8. Automobiles § 126— breathalyzer test results — admissibility

　　Results of a breathalyzer test administered to defendant were properly admitted in a prosecution for driving under the influence where the officer who administered the test testified that he was a licensed breathalyzer operator at the time the test was given and that the test was administered in accordance with the rules and regulations of the State Board of Health.

9. Criminal Law § 161— assignments of error — sufficiency

　　An assignment of error must show specifically what question is intended to be presented for consideration without the necessity of going beyond the assignment of error itself, and a mere reference in the assignment of error to the record page where the asserted error may be discovered is not sufficient.

APPEAL by defendant from *Falls, Judge,* 15 January 1973 Session of Superior Court held in WAUTAGA County.

Criminal prosecution for operating a motor vehicle on a public highway while under the influence of intoxicating liquor. At approximately 2:20 a.m. on 7 March 1972, Officer Robert Collins of the Blowing Rock Police Department was driving his police car south on the Blue Ridge Parkway at a point just outside of the Blowing Rock Town limits. At that time Collins

was on the alert for suspects in a previously reported breaking and entering case. As he approached the point where Ahoe Road intersects into the Parkway, he saw a Chevrolet pickup truck stopping at the stop sign on Ahoe Road. When Collins turned left off of the Parkway onto Ahoe Road, the pickup truck started to drive off. Collins shined his patrol car's spotlight at the driver, who was the defendant, and the truck stopped. Drawing his gun, Officer Collins approached the truck and ordered defendant and a passenger in the truck to get out and put their hands up against the police car, which they did. Smelling alcohol on defendant's breath, Collins arrested him for driving under the influence of intoxicating liquor. Defendant was taken to the county jail where he was given a breathalyzer test which showed that he had .14 percent of alcohol in his blood. Defendant testified that he had consumed six 12-ounce mugs of beer between 9:00 p.m. and midnight but had drunk nothing thereafter and was not under the influence at the time of his arrest at 2:20 that morning.

Defendant was found guilty as charged, and judgment was entered on the verdict sentencing defendant to prison for a term of six months, suspended upon condition that he surrender his driver's license, not operate a motor vehicle upon the public highways of North Carolina for twelve months, and pay a fine of $150.00. From this judgment defendant appealed.

*Attorney General Robert Morgan by Deputy Attorney General R. Bruce White, Jr., and Assistant Attorneys General Charles M. Hensey and Guy A. Hamlin for the State.*

*Phil S. Edwards and Stacy C. Eggers for defendant appellant.*

PARKER, Judge.

By his first assignment of error defendant contends that he was deprived of certain basic constitutional rights by the manner of his arrest and by actions of the officers in holding him at the county jail until the following morning. Specifically, he contends, first, that his arrest was illegal in that it was made by a municipal police officer outside the city limits without a warrant and without probable cause, and, second, that following the arrest he was denied the right to contact counsel and friends. The record does not support these contentions.

[1]   The arrest was made by an officer of the Blowing Rock Police Department. As such he had "all the powers invested in law-enforcement officers by statute or common law within one mile of the corporate limits of the city." G.S. 160A-286. Although the record here does not show the exact distance beyond the city limits the arrest occurred, defendant's counsel stated in a written motion to dismiss filed in the district court prior to trial in that court that the arrest took place "just outside of the corporate limits of the town of Blowing Rock," and the district judge, in the order denying the motion, found as a fact that it occurred "near, but outside, the city limits." Defendant has never contended either in the district or superior courts or in this Court on appeal that the arrest was made more than one mile beyond the corporate limits.

[2]   Although the arrest was made without a warrant, it was for a misdemeanor which, when the arrest was actually made, the officer had reasonable ground to believe had been committed in his presence. It was, therefore, valid under G.S. 15-41(1). The record does not support defendant's contention that the officer did not see him driving but saw him only after his truck had come to a complete stop at the intersection of Ahoe Road and the Blue Ridge Parkway. The officer testified that he saw defendant "operate his vehicle for a distance of about ten feet," and defendant's testimony that because of the terrain it would have been impossible for the officer to have seen him driving, merely presented a question of fact to be resolved by the jury.

[3]   It may be granted that when Officer Collins first stopped and approached the truck he had no probable cause to believe that defendant had committed any offense. Nevertheless, he had authority to stop the truck. G.S. 20-183(a) expressly provides that law enforcement officers within their respective jurisdictions "shall have the power to stop any motor vehicle upon the highways of the State for the purpose of determining whether the same is being operated in violation of any of the provisions of this article." (Article 3 of Chapter 20 of the General Statutes, being the Motor Vehicle Act of 1937 as amended.) Once the officer stopped the defendant and observed his condition, he then had reasonable ground to believe that immediately prior thereto defendant had committed in his presence the misdemeanor of driving his vehicle on a public highway while under the influence of intoxicating liquor. The existence of probable

cause at the time the truck was stopped was not essential to validity of the subsequent arrest. *State v. Allen,* 282 N.C. 503, 194 S.E. 2d 9; *State v. White,* 18 N.C. App. 31, 195 S.E. 2d 576.

[4] Nor do we agree that the arrest actually occurred earlier when the officer first stopped and approached the truck with drawn gun. Mere approach by an officer with drawn pistol upon persons otherwise properly stopped for questioning is not in all circumstances an arrest, *State v. Goudy,* 52 Haw. 497, 479 P. 2d 800. Here, Officer Collins was alone late at night in a remote section and had no way of knowing who or what he would encounter in the truck. With all too tragic frequency law enforcement officers have been killed or wounded in the line of duty, and it would be unreasonable to require that they take unnecessary risks while performing their duties. We note that Officer Collins returned his pistol to its holster as soon as he ascertained the identity of defendant and his passenger, and there is no suggestion that he exercised any excessive force or acted in an oppressive manner at any time thereafter. We hold that the arrest occurred when Officer Collins told defendant he was under arrest for driving under the influence and that the arrest at that time was valid.

[5] The record also does not support defendant's contention that his rights were violated following his arrest by denial of opportunity to contact family or friends. The officer who administered the breathalyzer test testified that he advised defendant of his right to have a lawyer and a witness present to observe the test, and as a matter of fact defendant did have his college roommate, who had been a passenger in the truck at the time defendant was arrested, present at the time the breathalyzer test and other tests of sobriety were given. The district judge in his order denying defendant's motion to dismiss found as a fact after an evidentiary hearing that both the arresting officer and the magistrate advised defendant of his right to make a telephone call. Although defendant testified at the trial in the superior court that he did not recall the officers asking him if he wanted to make a phone call, he also testified that he did not ask to make one and that his roommate wanted him to call home, but he did not want to wake his father at that time of morning. The record here simply fails to support defendant's attempt to bring his case within the ruling in *State v. Hill,* 277 N.C. 547, 178 S.E. 2d 462, which is clearly distinguishable on its facts.

State v. Dark

[6]   Defendant contends error was committed and he was denied a fair trial in the superior court because the presiding judge, just prior to the calling of defendant's case, dismissed a felony charge against another defendant and in so doing explained to the jurors that, while the case was close, he felt they would not convict and "that as sensible people he did not feel like wasting their time and the court's time by submitting a case to the jury which he did not feel would result in conviction." Defendant contends that this statement was made in the presence of the jury panel from which his jurors were selected and that it amounted to an expression of opinion by the judge in violation of G.S. 1-180. Although such a statement from the judge was certainly ill-advised, it did not constitute a violation of G.S. 1-180. That statute relates only to expressions of opinion during the trial of a case, *State v. Lippard*, 223 N.C. 167, 25 S.E. 2d 594, and "[t]he trial of a case begins within the purview of the statute when the prospective jurors are called to be examined touching their fitness to serve on the trial jury." *State v. Canipe*, 240 N.C. 60, 81 S.E. 2d 173. Here, the statement complained of was made before examination of the jurors selected to try defendant's case, and there is no contention that defendant was denied full scope of that examination or that he utilized all of his peremptory challenges. Had defendant believed the entire jury panel was prejudiced against him by the judge's remarks, his remedy lay in a motion for continuance or for a new venire, neither of which was made.

[7]   Defendant contends he was denied a fair trial because of a remark made by the presiding judge prior to the trial in a private conversation in chambers with defendant's father, who is an attorney. In an affidavit by defendant's father, which is included in the record on this appeal by stipulation of the solicitor, it is stated that the judge advised the affiant "that it was his policy to give an active sentence to any defendant appearing before him on a charge of driving under the influence if the jury returned a verdict of guilty," and that "he felt it his duty to protect the district court judges and that he felt that 'one roll of the dice or one bite of the cherry' was all that a defendant was entitled to." While again the judge's remark may have been ill-advised, we fail to see how it prejudiced defendant's trial. No juror heard it, and if the judge had a policy of giving active sentences when guilty verdicts were returned in driving under the influence cases, he made an exception in this case, where a suspended sentence was imposed. Defendant

has failed to show how any of his rights were denied or prejudiced by the judge's remark.

Defendant assigns as error that the arresting officer and the officer who administered the breathalyzer test were allowed to testify over his objections that in their opinion defendant on the night of his arrest was under the influence of some intoxicating beverage. These assignments of error are overruled under authority of *State v. Mills*, 268 N.C. 142, 150 S.E. 2d 13, and *State v. Warren*, 236 N.C. 358, 72 S.E. 2d 763.

[8] Defendant's contention that the results of the breathalyzer test should have been excluded from evidence because the test was given following an invalid arrest has been answered by our holding that the arrest was valid. Even had defendant's arrest been technically illegal under North Carolina law, the results of the breathalyzer test would have been competent in evidence against him. *State v. Eubanks*, 283 N.C. 556, 196 S.E. 2d 706. The officer who administered the test testified as to his training and that he was a licensed breathalyzer operator at the time the test was given. He also testified that he administered the test in accordance with the rules and regulations issued by the State Board of Health. The results of the test were properly admitted in evidence. *State v. Powell*, 279 N.C. 608, 184 S.E. 2d 243.

[9] Defendant's fourteenth and final assignment of error is "[t]hat the court erred in its instructions to the jury. Exception No. 17 (R pp 44 and 45) ; and Exception No. 18 (R p 45)." Rules 19 and 21 of the Rules of Practice both in this Court and in the Supreme Court require that asserted error must be based on appropriate exception and must be properly assigned. These rules require that an assignment of error show specifically what question is intended to be presented for consideration without the necessity of going beyond the assignment of error itself. A mere reference in the assignment of error to the record page where the asserted error may be discovered is not sufficient. *Lewis v. Parker*, 268 N.C. 436, 150 S.E. 2d 729; *Lancaster v. Smith*, 13 N.C. App. 129, 185 S.E. 2d 319. We have nevertheless reviewed the contentions made in defendant's brief as they relate to the court's charge to the jury and find no prejudicial error in the charge. Ordinarily, any inadvertence in stating the facts in evidence should be brought to the attention of the trial court in apt time to permit the court to make

a correction. 1 Strong, N. C. Index 2d, Appeal and Error, § 31, p. 169. Here, defendant failed to call the trial judge's attention to any mistake in the court's recapitulation of the evidence, and we find none of the mistakes now complained of sufficiently material to warrant a reversal.

In defendant's trial and in the judgment appealed from we find

No error.

Chief Judge BROCK and Judge MORRIS concur.