935 F.2d 1288
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert David TORRY, Jr., Defendant-Appellant.
 No. 90-5689.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 28, 1990.
Decided June 20, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Norwood Carlton Tilley, Jr., District Judge. (CR-90-37-D)
 Walter C. Holton, Jr., Holton & Menefee, Winston-Salem, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, John W. Stone, Jr., Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before SPROUSE, WILKINS and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert David Torry pled guilty to possessing, with the intent to distribute, cocaine and carrying a firearm during a drug crime. On appeal, Torry challenges the district court's denial of his motions to suppress evidence and withdraw his guilty plea. His appeal is without merit and we affirm the conviction.
 
 
 2
 Torry attracted the attention of North Carolina highway troopers late one night by making a rapid u-turn, turning his headlights off and on, and then rapidly accelerating to a speed of 87 miles per hour. After the troopers pulled Torry over, Torry gave the troopers a false and expired driver's license. One trooper smelled alcohol on Torry's breath and saw beer in the car.
 
 
 3
 While one trooper was talking with Torry at the police car, a second trooper walked up to Torry's car, shining the flashlight in the passenger-side windows. The trooper saw nothing from the side, but upon shining his flashlight through the passenger-side of the windshield, he saw the butt and hammer of a handgun under the passenger seat. The trooper opened the passenger door, confirmed that what he saw was a handgun, and arrested Torry. The troopers searched Torry's car and found the handgun, approximately 110 grams of cocaine, and $2,900 in tens, fifties, and hundreds under the passenger seat.
 
 
 4
 Torry moved to suppress the fruits of the search. The district court conducted a hearing and held the plain view of the gun gave the troopers probable cause (that Torry was concealing a weapon in violation of N.C.Gen.Stat. Sec. 14-269) to open the car door to get a better look at the gun. The court further held that once the troopers arrested Torry, they had the right to search the car as an incident of Torry's arrest. Accordingly, the court denied Torry's motion to suppress.
 
 
 5
 Torry pled guilty, but at the sentencing hearing, filed a motion to withdraw his plea. He claimed three Panamanians threatened to kill his girlfriend, his dog, and his parents, and he therefore could not provide substantial assistance to the government in accord with the plea agreement. The district court conducted a hearing but denied the motion stating that the plea agreement did not require Torry to do anything, but rather, only provided that the government would file an appropriate motion if Torry helped the government.
 
 
 6
 Torry argues on appeal that because the trooper saw the gun in plain view, the gun could not have been concealed. Thus, he claims the trooper did not have probable cause to search the car (initially to see if what he saw was indeed a gun) or arrest Torry for carrying a concealed weapon. However, total, undetectable concealment is not necessary under this statute, see State v. White, 18 N.C.App. 31, 195 S.E.2d 576, cert. denied, 283 N.C. 587, 196 S.E.2d 811 (1973); see also State v. Streeter, 283 N.C. 203, 195 S.E.2d 502 (1973); the factual finding that the gun was concealed for purposes of Sec. 14-269 yet still susceptible to a plain view was not clearly erroneous.
 
 
 7
 The troopers had probable cause to arrest Torry for concealing a weapon following the plain view, and the subsequent search was justified as a search incident to a lawful custodial arrest. New York v. Belton, 453 U.S. 454, 457-60 (1981). A search incident to arrest encompasses a search of the area that is, or was, within the "immediate control" of the defendant. Id. at 460. The passenger seat floor, the area where Torry placed a bag containing beer as he spoke with the troopers, was clearly within Torry's immediate control. See United States v. Hatfield, 815 F.2d 1068, 1071 (6th Cir.1987). Since the troopers found the drugs, money, and gun under the passenger seat, the search was proper and the district court properly denied Torry's motion to suppress.
 
 
 8
 Torry also appeals on the grounds that the district court should not have denied his motion to withdraw his guilty plea without first determining whether withdrawal would prejudice the government, citing United States v. Savage, 561 F.2d 554, 556-57 (4th Cir.1977). In United States v. Haley, 784 F.2d 1218 (4th Cir.1986), this Court modified Savage by holding that even in the absence of prejudice to the government, the defendant still must show a "fair and just" reason for withdrawing a guilty plea. See United States v. DeFreitas, 865 F.2d 80, 82 (4th Cir.1989) (interpreting the effect of a 1983 amendment to Fed.R.Crim.P. 32(d)).
 
 
 9
 While the "fair and just" standard is a liberal one, United States v. Thompson, 906 F.2d 1292, 1298 (8th Cir.1990), cert. denied, 59 U.S.L.W. (U.S. Nov. 26, 1990) (No. 90-5975), a district court's refusal to grant such a motion is reviewed under an abuse of discretion standard. Haley, supra. Torry did not put forth a fair or just reason to withdraw his plea; at best, he argued that he should not be required to help the government. However, the plea agreement did not require Torry to assist the government, and the district court did not abuse its discretion by denying Torry's motion.
 
 
 10
 For these reasons, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.