STATE OF NORTH CAROLINA v. JOHNNY MACK McCOY, Defendant

No. 9110SC584

(Filed 17 March 1992)

1. **Evidence and Witnesses § 2224 (NCI4th)— narcotics trafficking—officer's expert testimony—packaging of drugs—admissible**

    The trial court did not err in a prosecution for trafficking in cocaine by allowing an officer to testify concerning how small ziplock bags are commonly used to package cocaine for sale in small quantities and that the minimum price of 38 grams of cocaine was $3,800. Evidence that ziplock bags are frequently used in the illegal drug trade along with the value of the cocaine was both helpful and relevant in showing that defendant intended to distribute the narcotics and was therefore engaged in trafficking in cocaine.

    **Am Jur 2d, Drugs, Narcotics, and Poisons § 46; Expert and Opinion Evidence §§ 298, 403, 406.**

    **Admissibility of expert testimony as to modus operandi of crime—modern cases. 31 ALR4th 798.**

2. **Evidence and Witnesses § 2808 (NCI4th)— narcotics—leading question on direct examination—testimony already received—no error**

    The trial court did not abuse its discretion in a prosecution for trafficking in cocaine by allowing the prosecutor to ask an SBI agent a leading question on direct examination where the information elicited by the prosecutor's question had been previously received into evidence without objection.

    **Am Jur 2d, Witnesses §§ 429-431.**

3. **Narcotics § 4 (NCI3d)— trafficking—evidence sufficient**

    There was sufficient evidence for the trial court to deny defendant's motions to dismiss cocaine trafficking charges where defendant was a passenger on a bus chosen for investigation by a narcotics interdiction unit; officers questioned all the passengers in a non-intrusive manner; officers made sure that every item of luggage on the bus was claimed by passengers; officers discovered a brown paper bag under defendant's suit

STATE v. McCOY

[105 N.C. App. 686 (1992)]

bag; defendant denied ownership of the bag, which contained what appeared to be cocaine and fifty small plastic ziplock bags; defendant was placed under arrest; analysis of the bag confirmed that it contained cocaine; defendant's fingerprints were found on the bag; and defendant testified that he found the bag while on the bus, found costume jewelry inside, and placed the bag back in the luggage rack.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

4. **Criminal Law § 1043 (NCI4th)— cocaine trafficking—inconsistency of indictment and verdict—clerical error**

There was no prejudicial error where a jury returned verdicts of guilty of trafficking in cocaine in an amount between 28 grams and 400 grams on indictments charging defendant with possessing and transporting more than 28 but less than 200 grams of cocaine because the evidence before the jury clearly indicated that defendant possessed and transported 38 grams of cocaine.

**Am Jur 2d, Trial § 1913.**

5. **Constitutional Law § 184 (NCI4th)— cocaine—trafficking by possession and by transporting—not double jeopardy**

The constitutional prohibition against double jeopardy was not violated by defendant's two convictions for trafficking in cocaine by possessing and by transporting more than 28 grams. The transporting of 28 grams or more of cocaine and the possession of 28 grams or more of cocaine constitute separate offenses for which a defendant may be convicted and punished separately.

**Am Jur 2d, Criminal Law §§ 266, 267, 277, 279.**

6. **Criminal Law § 1101.1[1] (NCI4th)— cocaine trafficking—sentencing—nonstatutory aggravating factor—intent to sell**

The trial court did not err when sentencing defendant for cocaine trafficking by finding as a nonstatutory aggravating factor defendant's intent to sell the cocaine. The evidence of the quantity of cocaine and ziplock bags clearly support the aggravating factor, and intent to sell is not an element of

---

1. New section pending publication of 1992 supplement.

manufacturing, transporting, or possessing 28 or more grams of cocaine.

**Am Jur 2d, Criminal Law §§ 598, 599.**

APPEAL by defendant from judgments entered 25 October 1989 by *Judge Samuel T. Currin* in WAKE County Superior Court. Heard in the Court of Appeals 19 February 1992.

Defendant was charged in two separate bills of indictment with (1) trafficking of a controlled substance by transporting more than 28 grams but less than 200 grams of cocaine; and (2) trafficking of a controlled substance by possession of more than 28 grams but less than 200 grams of cocaine. These charges were consolidated for trial.

The State's evidence tends to show that on 8 May 1989, Terry Turbeville, a special agent with the State Bureau of Investigation (SBI), and other law enforcement officials were monitoring buses at the bus station in Raleigh. These officers were part of an interdiction unit which specialized in intercepting narcotics coming into the State. The bus on which defendant was a passenger was chosen for investigation and the officers questioned all the passengers in a non-intrusive manner. The officers made sure that every item of luggage on the bus was claimed by the passengers. One of the officers identified himself to defendant who responded he was traveling from New York City to Columbia, South Carolina. Defendant identified his belongings, however the officers discovered a brown paper bag under defendant's suit-bag. Defendant denied ownership of this bag which contained what appeared to be cocaine and fifty small plastic ziplock bags. Defendant was then placed under arrest. A chemical analysis of the contents revealed the bag contained 38 grams of cocaine. Defendant's fingerprints were also found on the plastic bags.

Defendant testified that at some point on the bus ride he discovered the paper bag, found costume jewelry inside and placed the bag back in the luggage rack. At the close of all the evidence, the trial court denied defendant's motion to dismiss based on the insufficiency of the evidence. The jury returned guilty verdicts on both charges and defendant was sentenced to two consecutive terms of 15 years.

STATE v. McCOY

[105 N.C. App. 686 (1992)]

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Julia F. Renfrow, for the State.*

*John T. Hall for defendant appellant.*

WALKER, Judge.

[1] In his first assignment of error, defendant contends the trial court erred when it allowed Turbeville to testify concerning how the small ziplock bags are commonly used to package cocaine for sale in small quantities and further that the minimum price of 38 grams of cocaine was $3,800. He argues this evidence was inadmissible hearsay not relevant to any issue in the case, and even if it was relevant, this evidence should have been excluded since its prejudicial effect outweighed its probative value. We disagree.

Otherwise inadmissible hearsay can be admitted as a basis for an expert opinion. *State v. Jones*, 322 N.C. 406, 368 S.E.2d 844 (1988). Although Turbeville was never formally qualified as an expert witness, the record reveals his opinions were based upon his many years of personal experience in the field of narcotics. Admission of this testimony amounted to a finding by the trial court that the witness had certain expertise concerning narcotics paraphernalia and the pricing of cocaine which was beyond the realm of that of the average juror. *State v. Hart*, 66 N.C.App. 702, 311 S.E.2d 630 (1984); *State v. Covington*, 22 N.C.App. 250, 206 S.E.2d 361 (1974). Officer Turbeville's years of training and experience placed him in a much better position than the jury to evaluate the significance of the ziplock bags found with the cocaine and the price of 38 grams of cocaine.

The opinion testimony of an expert witness is admissible if the expert is better qualified than the jury and therefore can assist the jury to glean certain inferences from the facts. *State v. Bullard*, 312 N.C. 129, 322 S.E.2d 370 (1984). Contrary to defendant's contentions, the testimony of Turbeville was relevant to the disposition of this proceeding. The offense of "trafficking" under G.S. 90-95(h) was enacted to help deter the flow of drugs into this state. *State v. Willis*, 61 N.C.App. 23, 300 S.E.2d 420, *modified and affirmed*, 309 N.C. 451, 306 S.E.2d 779 (1983). In creating this offense, our legislature has determined that certain amounts of controlled substances indicate an intent to distribute on a large scale. *State v. Proctor*, 58 N.C.App. 631, 294 S.E.2d 240, *disc. review denied*, 306 N.C. 749, 295 S.E.2d 484 (1982), *cert. denied*, 459 U.S. 1172,

74 L.Ed.2d 1016 (1983). Evidence that these ziplock bags are frequently used in the illegal drug trade along with evidence of the value of the cocaine was both helpful and relevant in showing defendant intended to distribute the narcotics and was therefore engaged in trafficking in cocaine. Accordingly, Turbeville's testimony was properly admitted.

[2] Defendant next contends the trial court erred in allowing the prosecutor to ask a leading question to Turbeville on direct examination. The exchange between the prosecutor and this witness was as follows:

Q Did the defendant ever suggest to you that he had found that brown paper bag?

. . . .

A No. He vigorously said he knew nothing about the paper bag, had never seen it, it was not his.

A leading question is one that suggests the desired answer. *State v. Britt*, 291 N.C. 528, 231 S.E.2d 644 (1977). Normally, leading questions are not allowed on direct examination so as to prevent counsel from injecting the desired answer into the witness' mind. *State v. Royal*, 300 N.C. 515, 268 S.E.2d 517 (1980). However, rulings by the trial court on the use of leading questions are discretionary and reversible only for an abuse of discretion. *Id.* In several recognized circumstances, the trial court does not abuse its discretion when it permits counsel to lead a witness on direct examination. One such circumstance is where the leading question elicits testimony already received without objection into evidence. *State v. Young*, 312 N.C. 669, 325 S.E.2d 181 (1985). In the present case, the information elicited by the prosecutor's question had been previously received into evidence without objection. Accordingly, there has been no abuse of discretion on the part of the trial court and this assignment of error is overruled.

[3] In his next assignment of error defendant contends that the trial court committed reversible error when it denied his motion to dismiss at the close of all the evidence in the case. He argues that there was insufficient evidence to convict him on the trafficking charges. In determining if the evidence is sufficient to withstand defendant's motion to dismiss made at the close of all the evidence, the court must consider the evidence in the light most favorable to the State, allowing every reasonable inference to be drawn

therefrom. *State v. Irwin*, 304 N.C. 93, 282 S.E.2d 439 (1981). Our review of the record discloses that the evidence is sufficient to support a finding that defendant committed the offenses as charged. Therefore this assignment of error is overruled.

In his final assignment of error, defendant contends the trial court erred in sentencing him to two consecutive terms of fifteen years. In support of his contention, defendant makes three arguments. We will examine each of these separately.

**[4]** *First*, defendant argues that the trial court was without jurisdiction to enter any sentence because the jury verdict was inconsistent with the indictments. We find no merit in this argument. The indictments correctly charged defendant with violations of G.S. 90-95(h)(3)(a) in that defendant possessed and transported more than 28 grams but less than 200 grams of cocaine. Although the jury returned verdicts of guilty for trafficking in cocaine in an amount between 28 grams and 400 grams, the record shows this discrepancy was merely a clerical error and had no resulting prejudice since the evidence before the jury clearly indicated defendant possessed and transported 38 grams of cocaine.

**[5]** *Second*, defendant argues his two convictions for trafficking in cocaine by possessing and by transporting more than 28 grams of cocaine violate the constitutional prohibition against double jeopardy. G.S. 90-95(h)(3)(a) provides that any person who "sells, manufactures, delivers, transports, or possesses" 28 grams or more of cocaine shall be guilty of trafficking in cocaine. The transporting of 28 grams or more of cocaine and the possession of 28 grams or more of cocaine constitute separate offenses for which a defendant may be convicted and punished separately. *State v. Perry*, 316 N.C. 87, 340 S.E.2d 450 (1986).

**[6]** *Third*, defendant argues the trial court abused its discretion by imposing a sentence on each conviction in excess of the presumptive term after finding as a non-statutory aggravating factor "defendant's intent to sell the cocaine in question." He contends there was not sufficient evidence to support a finding of "intent to sell." We disagree. An aggravating factor must be proved by a preponderance of the evidence. G.S. 15A-1340.4(b). In order for there to be a preponderance of the evidence, the evidence in support of the aggravating factor must be uncontradicted, substantial and manifestly credible. *State v. Vanstory*, 84 N.C.App. 535, 353 S.E.2d 236, *disc. review denied*, 320 N.C. 176, 358 S.E.2d 67 (1987).

Intent to sell is not an element of manufacturing, transporting, or possessing 28 grams or more of cocaine. In the present case, the evidence of the quantity of cocaine and ziplock bags clearly supports this aggravating factor. Our Supreme Court has previously found evidence of this type will support a finding of the non-statutory aggravating factor of "intent to sell." *State v. Perry, supra.*

For the aforementioned reasons we find

No error.

Chief Judge HEDRICK and Judge ORR concur.