643 S.E.2d 700

**The STATE, Respondent,**

v.

**Torrey L. JAMISON, Appellant.**

**No. 4229.**

Court of Appeals of South Carolina.

Submitted March 1, 2007.

Decided April 2, 2007.

---

Appellate Defender Aileen P. Clare, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.

GOOLSBY, J.:

Torrey L. Jamison appeals his convictions for trafficking cocaine, trafficking crack cocaine, resisting arrest, failure to

stop for a blue light, and possession of a firearm during the commission of a violent crime. We affirm.[1]

## FACTS

On the night of January 6, 2004, the Greenville County Sheriff's Office dispatched Deputy Andrew Wall to investigate a suspicious vehicle parked in the middle of a dead-end road located in a cul-de-sac. He found the vehicle, a Chevrolet pickup truck, parked without any lights on. Wall shone his patrol vehicle's exterior spotlight into the truck as he was driving by, did not see anyone inside, and believed the truck was abandoned. He positioned his patrol car behind the truck and called in the truck's license plate to his dispatcher.

While waiting for the dispatcher to respond, Wall saw an individual, later identified as Jamison, suddenly sit up in the driver's seat of the truck. Jamison immediately put the truck into motion and began driving away. Wall turned on his blue lights and pursued the truck. The truck stopped several times during the chase, but never long enough for Wall to approach the truck on foot. Wall radioed for backup; Deputy John Little and Deputy Tasha Cox quickly joined the pursuit.

Once the truck stopped long enough for the deputies to approach, Wall and Cox advanced toward the vehicle on foot. Wall ordered Jamison to exit the vehicle and he slowly complied. The deputies searched Jamison and placed him into one of the patrol vehicles. Upon searching Jamison's truck, the deputies discovered a loaded .45 caliber pistol and a bag from a fast-food restaurant containing four, clear plastic bags with drugs inside. Two of the four bags contained cocaine and the other two contained crack cocaine. Altogether the bags contained 54.77 grams of cocaine and 19.21 grams of crack cocaine.

The Greenville County Grand Jury indicted Jamison for trafficking cocaine, trafficking crack cocaine, resisting arrest, failure to stop for a blue light, and possession of a firearm during the commission of a violent crime. A jury found Jamison guilty on all charges and the trial court sentenced

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

him to concurrent terms of confinement totaling ten years plus three years probation.

## LAW/ANALYSIS

■ Jamison argues the trial court abused its discretion by allowing the State to present expert testimony about the dollar value of cocaine and crack cocaine. We disagree.

■ The qualification of a witness as an expert and the admissibility of his or her testimony are matters left to the sound discretion of the trial judge, whose decision will not be reversed on appeal absent an abuse of that discretion and prejudice to the opposing party. *Nelson v. Taylor,* 347 S.C. 210, 214, 553 S.E.2d 488, 490 (Ct.App.2001). An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law. *State v. Wise,* 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004).

During Jamison's trial, the State sought to call Investigator Keith Grounsell of the Greenville County Sheriff's Office as an expert on the street value of cocaine and crack cocaine. Jamison objected, arguing testimony about the value of cocaine and crack cocaine was irrelevant and prejudicial because there was no evidence he committed or attempted a drug transaction. The trial court allowed Grounsell to testify as an expert, but limited his testimony to the "wholesale" and "retail" values of cocaine and crack cocaine for the general area.

The trial court allowed Grounsell's testimony based on several cases from the United States Court of Appeals, Fourth Circuit. The trial court reasoned that jurors typically do not have knowledge about the illegal drug industry.[2] Grounsell testified that the drugs found in Jamison's truck had a street value of between $2,750.00 and $9,319.00, depending on the quantities sold.

---

2. *See, e.g., U.S. v. Gastiaburo,* 16 F.3d 582, 589 (4th Cir.1994) (noting the court has "repeatedly upheld the admission of law enforcement officers' expert opinion testimony in drug trafficking cases."); *U.S. v. Johnson,* 54 F.3d 1150, 1156–57 (4th Cir.1995) (holding the district court did not err in qualifying a detective as an expert and allowing the detective to testify about the current street price of illegal drugs).

In his defense, Jamison claimed the drugs belonged to someone else, possibly one of his employees who also had access to the truck.

We agree with the trial court that jurors typically do not know the current street prices of illegal drugs. Grounsell's valuation of the drugs, based on his years of law enforcement experience, allowed the jury to better determine whether a person would reasonably leave expensive narcotics unguarded and disguised as trash in a truck allegedly used by numerous people.

If the jury did not believe Jamison's assertion that an unknown individual left thousands of dollars worth of drugs disguised as garbage in an area where other people had access to the drugs and might even throw them away, it reinforced the State's case that Jamison was knowingly in actual or constructive possession of the drugs at the time of his arrest, a key element of the trafficking charges. We therefore hold the trial court did not err by allowing Grounsell to testify about the street value of the drugs found in Jamison's truck.[3]

**AFFIRMED.**

HEARN, C.J., and STILWELL, J., concur.

---

**3.** *See State v. Matthews,* 720 So.2d 153 (La.Ct.App.1998) (holding an agent from the Drug Enforcement Agency could testify regarding the street value of cocaine where the agent was testifying regarding matters within his personal knowledge and experience as a narcotics officer); *State v. McCoy,* 105 N.C.App. 686, 414 S.E.2d 392, 395 (1992) (ruling a law enforcement officer's testimony on the street value of cocaine was properly admitted in defendant's trial for trafficking cocaine because the testimony was both helpful and relevant in showing the defendant's intent); *Martin v. State,* 823 S.W.2d 726, 728 (Tex.App.1992) (ruling a sheriff's testimony on the price of marijuana was admissible and relevant because it allowed the jury to comprehend the quantity of illegal drugs recovered in terms that are easily understood); *cf. State v. Lawrence,* 264 S.C. 3, 16, 212 S.E.2d 52, 58 (1974) (ruling that testimony as to the black market resale value of prescription drugs when sold without a prescription was relevant to prove motive for the charge of conspiracy).