**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kendrick Lamont Mims, Appellant.

Appellate Case No. 2016-000291

———————

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-389
Submitted September 1, 2017 – Filed October 18, 2017

———————

**AFFIRMED**

———————

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v.*

*Tapp*, 398 S.C. 376, 385, 728 S.E.2d 468, 473 (2012) ("The admission or exclusion of evidence is an action within the sound discretion of the [trial] court and will not be disturbed on appeal absent an abuse of discretion."); *State v. White*, 382 S.C. 265, 269, 676 S.E.2d 684, 686 (2009) ("A trial court's decision to admit or exclude expert testimony will not be reversed absent a prejudicial abuse of discretion."); *Tapp*, 398 S.C. at 385, 728 S.E.2d at 473 ("An abuse of discretion occurs when the conclusions of the [trial] court are either controlled by an error of law or are based on unsupported factual conclusions."); *State v. Henry*, 329 S.C. 266, 273, 495 S.E.2d 463, 466 (Ct. App. 1997) ("There is no abuse of discretion as long as the witness has acquired by study or practical experience such knowledge of the subject matter of his testimony as would enable him to give guidance and assistance to the jury in resolving a factual issue . . . ."); *State v. Robinson*, 396 S.C. 577, 586, 722 S.E.2d 820, 825 (Ct. App. 2012), *aff'd as modified*, 410 S.C. 519, 765 S.E.2d 564 (2014) ("[D]efects in the amount or quality of education or experience go to the weight of the expert's testimony and not its admissibility."); *State v. Jamison*, 372 S.C. 649, 653, 643 S.E.2d 700, 702 (Ct. App. 2007) (holding a trial court did not abuse its discretion by admitting an officer's expert testimony regarding the street value of cocaine because "jurors typically do not know the current street prices of illegal drugs" and "[the officer's] valuation of the drugs, based on his years of law enforcement experience, allowed the jury to better determine whether a person would reasonably leave expensive narcotics unguarded and disguised as trash in a truck allegedly used by numerous people").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.