**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Ronald Douglas Michaux, Jr., Appellant.

Appellate Case No. 2016-001797

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge,
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2018-UP-440
Submitted October 1, 2018 – Filed December 5, 2018

**AFFIRMED**

Appellate Defender Taylor Davis Gilliam, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William M. Blitch, Jr., both of
Columbia; and Solicitor Samuel R. Hubbard, III, of
Lexington, all for Respondent.

**PER CURIAM:** Ronald D. Michaux, Jr. appeals his conviction for trafficking
cocaine, arguing the trial court erred in (1) denying his motion to suppress

evidence obtained during the course of a traffic stop in violation of his federal and state constitutional rights, and (2) allowing an expert witness to testify about the street value of cocaine. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Michaux's motion to suppress drug evidence: *State v. Wright*, 391 S.C. 436, 442, 706 S.E.2d 324, 326 (2011) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." (quoting *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002))); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))); *State v. Vinson*, 400 S.C. 347, 351, 734 S.E.2d 182, 184 (Ct. App. 2012) ("A traffic stop constitutes a Fourth Amendment seizure; thus, the traffic stop must be reasonable under the circumstances."); *id.* at 352, 734 S.E.2d at 184 ("A traffic stop is not unreasonable if conducted with probable cause to believe a traffic violation has occurred, or when the officer has a reasonable suspicion the occupants are involved in criminal activity."); *State v. Provet*, 405 S.C. 101, 108, 747 S.E.2d 453, 457 (2013) ("Violation of motor vehicle codes provides an officer reasonable suspicion to initiate a traffic stop."); *id.* ("A traffic stop supported by reasonable suspicion of a traffic violation remains valid until the purpose of the traffic stop has been completed."); *Robinson v. State*, 407 S.C. 169, 182, 754 S.E.2d 862, 869 (2014) ("If, during the stop of the vehicle, the officer's suspicions are confirmed or further aroused—even if for a different reason than he initiated the stop—the stop may be prolonged, and the scope of the detention enlarged as circumstances require."); *United States v. White*, 836 F.3d 437, 442 (4th Cir. 2016) (holding the odor of marijuana emanating from a car provides "reasonable suspicion to extend [a] traffic stop for a period of time sufficient to investigate the marijuana odor"); *State v. Morris*, 411 S.C. 571, 580, 769 S.E.2d 854, 859 (2015) ("[A] warrantless search is per se unreasonable and violative of the Fourth Amendment unless the search falls within one of several well-recognized exceptions to the warrant requirement."); *id.* ("The automobile exception to requiring a search warrant exists in recognition of 'the ready mobility of automobiles and the potential that evidence may be lost before a warrant is obtained' and 'the lessened expectation of privacy in motor vehicles which are subject to government regulation.'" (quoting *State v. Cox*, 290 S.C. 489, 491, 351 S.E.2d 570, 571 (1986))); *White*, 836 F.3d at 441 ("[The Fourth Circuit Court of Appeals] has 'repeatedly held that the odor of marijuana alone can provide

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

probable cause to believe that marijuana is present in a particular place.'" (quoting *United States v. Humphries*, 372 F.3d 653, 658 (4th Cir. 2004))); *id.* ("Therefore, 'when marijuana is believed to be present in an automobile based on the odor emanating therefrom, [the Fourth Circuit Court of Appeals] has found probable cause to search the automobile.'" (quoting *Humphries*, 372 F.3d at 652)).[2]

2.  As to whether the trial court erred in allowing an expert witness to testify about the street value of cocaine: *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Jamison*, 372 S.C. 649, 652, 643 S.E.2d 700, 701 (Ct. App. 2007) ("The qualification of a witness as an expert and the admissibility of his or her testimony are matters left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of that discretion and prejudice to the opposing party."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 402, SCRE ("All relevant evidence is admissible . . . .  Evidence which is not relevant is not admissible."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); Rule 702, SCRE ("If . . . specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *Jamison*, 372 S.C. at 653, 643 S.E.2d at 702 (agreeing "jurors typically do not know the current street prices of illegal drugs"); *id.* (affirming the trial court's decision to allow an officer to testify about the value of cocaine and crack cocaine when the defendant claimed the drugs were not his, and the State used the officer's testimony to counter an assertion that "an unknown individual left thousands of dollars' worth of drugs disguised as garbage in an area where other people had access to the drugs and might even throw them away").

---

[2] To the extent Michaux argues his state constitutional rights were violated, we find that argument is abandoned.  *See State v. Howard*, 384 S.C. 212, 217, 682 S.E.2d 42, 45 (Ct. App. 2009) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority.").

**AFFIRMED.**

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**