STATE v. N. J. McMANUS.

*Concealed Weapon—Intent.*

1. On trial of an indictment for carrying a concealed weapon, the statute makes the possession *prima facie* evidence of concealment, and the burden is on the defendant to rebut the presumption by proof satisfactory to the jury.

2. The law presumes the criminal intent in such case, and the defendant must likewise rebut this presumption.

3. The language of the statute is, not "concealed *on* his person," but " concealed *about* his person," and hence, if the weapon be within reach and control of the defendant, it is sufficient to bring the case within the meaning of the statute.

    (*State* v. *Gilbert*, 87 N. C., 527, cited, distinguished and approved).

INDICTMENT for carrying a concealed weapon tried at Spring Term, 1883, of UNION Superior Court, before *Shipp, J.*

STATE *v.* McMANUS.

The defendant is charged with a violation of THE CODE, §1005, in carrying a pistol concealed about his person while off his own premises.

One Morgan, the prosecuting witness, testified that in July, 1882, he met defendant riding in a wagon on a public road about three miles from defendant's premises, and in a conversation which took place between them, the witness told the defendant that he was on his way to sow some oats on certain land in defendant's possession; that defendant thereupon turned his wagon around immediately, and the witness saw defendant draw a pistol from his hip-pocket; that he also saw a basket the defendant had with him in the wagon, but could see no pistol in it.

The defendant testified in his own behalf that, on the occasion mentioned by the state's witness, he was on his way to work upon a house he was erecting, about five miles distant, and was carrying his pistol to swap it for a watch, according to an understanding had with one Sherman Flow, whom he met at the place where he was building his house a few days before the occasion spoken of by the prosecuting witness; that he put the pistol in his dinner basket on top of the cloth which covered his dinner, and carried the basket on his lap; that he had on no coat and there was no hip-pocket in his pants; that he put the pistol in the basket because that was the most convenient place to carry it, and without intent to conceal it or the fact that he had it, his sole object being to trade the pistol with Flow, whom he expected to see that day; that when he left home he had no idea of meeting the witness Morgan, and at no time did he have the pistol in his pocket or concealed about his person; that when it was in the basket it could be seen by any one.

Another witness testified that he saw the defendant, after Morgan had passed him on the road, going towards his (defendant's) premises, following Morgan, and that the defendant had the pistol in his hand, and was then walking; that he kept it openly in his hand until he overtook Morgan, which was upon

defendant's land; that Morgan sowed the oats upon the land of the defendant, despite the efforts of the defendant, Morgan having in his own hand a double-barrelled gun during the whole time he was sowing the oats; that Morgan was indicted and convicted for forcible trespass growing out of this matter, and this defendant (McManus) prosecuted him.

Both the prosecuting witness and defendant proved a good character by a number of witnesses.

His Honor charged the jury that if the defendant was off his own premises and had in his possession a pistol, the law made the fact *prima facie* evidence of concealment; and the fact being found or admitted, the burden of proof was shifted from the state to the defendant to show to the satisfaction of the jury that there was in fact no concealment; and if the defendant, being off his own premises, had the pistol concealed in his pocket or in his dinner basket, and the basket was on his lap, he is guilty, provided he had any criminal intent in so concealing it; and in passing upon the question of intent, they could consider the fact the defendant showed a disposition to use the pistol in the difficulty between Morgan and himself.   The defendant excepted to the charge of the judge.

Verdict of guilty; judgment; appeal by the defendant.

*Attorney-General* and *Payne & Vann,* for the State.

*Messrs. Covington & Adams,* and *Hinsdale & Devereux,* for defendant.

MERRIMON, J.   The defendant has no ground of complaint against the charge of the court.   It was as favorable to him as the law would permit.

He was off his own land, on the highway, and had with him, in his possession and about his person, a pistol.   Under the statute, *prima facie,* he had it concealed about his person, and the *onus* was on him to show that he did not have it concealed.

The state offered testimony tending to prove that it was con-

cealed on his person. The defendant was examined on his own behalf, and his testimony tended to prove that he did not have it so concealed, but carried it openly, where it might be easily seen by any person, and for an innocent and proper purpose. The testimony was conflicting, and it was the province of the jury to pass upon it and find the facts of the matter. The court left the whole of it fairly to the jury, and they by their verdict found that the defendant had and carried " concealed about his person " a pistol, off his own premises, as charged in the indictment.

What the court said to the jury in respect to the intent with which the defendant carried the pistol was favorable to him. The court might have told them that if the defendant had the pistol off his premises and concealed about his person, the law *presumed* the criminal intent, and it was for the defendant to rebut this presumption by testimony sufficient to satisfy them of his innocent purpose.

The defendant relied upon *State* v. *Gilbert*, 87 N. C., 527, in regard to the question of intent. That case is not like this. There, the jury found the fact in a special verdict that there was no criminal intent. Here, the jury find there was the criminal intent, this question being fairly left to them upon the evidence.

The court told the jury that in passing upon the question of intent, they might consider the evidence that the defendant showed a disposition to use the pistol. This was relevant for this purpose, and it was left to the jury to consider it with the other testimony, for what it was worth, in enabling them to pass upon the *animus*. How a man uses or manifests a purpose to use a deadly weapon is evidence of his purpose in having it concealed about his person, more or less weighty, according to the circumstances of the case.

It is insisted that the pistol, if in the basket and concealed, was not about the person of the defendant, though upon his lap. Such is not the meaning of the statute. The language is not "concealed *on* his person," but "concealed about his person";

that is, concealed near, in close proximity to him, and within his convenient control and easy reach, so that he could promptly use it, if prompted to do so by any violent motive.  If the pistol was concealed in the basket, and that was in the defendant's lap, on his arm, or fastened about his person, or if placed near his person, though not touching it, this would be sufficient.  It makes no difference how it is concealed, so it is on or near to and within the reach and control of the person charged.

The purpose of the statute is a wholesome one.  It is to protect individuals against sudden, unexpected, dangerous and perhaps deadly violence inflicted with weapons that the assailant has concealed in some way, on, about, or conveniently near to his person, and which he may use under sudden impulse, or deliberately and unfairly against one taken unawares; and as well to conserve the public peace and safety.  It must receive such reasonable construction as will effectuate this general purpose.

There is no error, and the judgment must be affirmed.  It is accordingly so ordered.  Let this be certified.

No error.                                               Affirmed.