STATE OF NORTH CAROLINA v. PAUL THOMAS GAINEY, FREDERICK WARE INGRAM AND CHARLES HUNTLEY FORD.

(Filed 1 May 1968.)

**1. Concealed Weapons § 1—**

A person in his own automobile on a public highway is not on his own premises within the meaning of G.S. 14-269.

**2. Same—**

The purpose of G.S. 14-269 is to reduce the likelihood that a concealed weapon may be resorted to in a fit of anger.

**3. Same—**

To constitute a violation of G.S. 14-269, the weapon need not be concealed on the person of the accused, but must be in such position that he has ready access to it.

**4. Concealed Weapons § 2—**

Evidence that when officers stopped an automobile owned and driven by defendant and occupied by four other persons, the officers saw two of the passengers rearranging the rear seat, that a sawed-off rifle was found under the rear seat, and that unconcealed guns owned by defendant and by one of the passengers were found in the automobile, *is held* insufficient to be submitted to the jury on the issue of defendant's guilt of carrying the sawed-off rifle concealed about his person, there being no evidence that defendant knew of or participated in the concealment, and the rifle not being concealed within the reach and control of defendant.

**5. Criminal Law § 9—**

Where there is insufficient evidence to convict the principal defendant of carrying a concealed weapon, others may not be convicted of aiding and abetting the defendant in the concealment.

APPEAL by defendants from *McConnell, J.,* September 1967 Session, ANSON Superior Court.

The defendants, Charles Huntley Ford, Paul Thomas Gainey, and Frederick Ware Ingram, were charged in separate but identical warrants with the criminal offense of carrying concealed about his person and off his premises, a certain deadly weapon, to wit, a sawed off rifle. The warrants were made returnable before the Anson County Criminal Court. According to the record agreed to by the solicitor and defense counsel, verdicts of guilty and prison sentences of 6 months were entered in the Anson County Criminal Court against all defendants.

According to the addendum to the record, as certified by the Assistant Clerk of Superior Court, the sentences in the Anson County Criminal Court were prison sentences of 18 months against Ford and Gainey, and 8 months against Ingram. The sentences against Ford and Gainey were suspended on condition they pay a fine of $100 and costs and be of good behavior and that Ingram pay a fine of $75 and costs and be of good behavior. Each defendant appealed to the Superior Court.

In the Superior Court, the State called two officers as its only witnesses. Deputy Sheriff Dean testified that on the night of June 25, 1967, at about 1:00 a.m., the three defendants and two others were traveling Highway 74 near Wadesboro in a two-seated, two-door Chevrolet automobile. When first observed, the vehicle was traveling at 60 or more miles per hour. Ford, the owner, was under the wheel. One of the others was sitting beside him. Ingram and two others were on the rear seat. A 12 gauge shotgun, with the butt on the floorboard and the barrel against the front seat, was between the driver and the front seat passenger. Ford said the gun was his; that he carried it for protection.

Deputy Sheriff Hyatt joined Dean, and the two officers, with Ford's permission, searched the Chevrolet. One of the officers saw Ingram and another (not identified) apparently pushing or rearranging the rear seat. An automatic rifle, which Gainey said was his, was lying on the floorboard in front of the rear seat. The officers found a tear gas gun in a revolver holster hanging from the rear view mirror over the instrument board. When the officers removed the rear seat, they found under it a sawed off rifle. The jury convicted Ford for carrying this weapon concealed. Gainey and Ingram were convicted for aiding and abetting Ford in the concealment. No one admitted the ownership of the sawed off rifle. From the judgments imposed, all defendants appealed.

.T. W. Bruton, Attorney General; Millard R. Rich, Jr., Assistant Attorney General, for the State.

James E. Ferguson, II and W. B. Nivens for defendants appellants.

HIGGINS, J. G.S. 14-269 provides: "If anyone, except on his own premises, shall wilfully and intentionally carry concealed about his person any . . . pistol, gun, or other deadly weapon of like kind, he shall be guilty of a misdemeanor and shall be fined or imprisoned at the discretion of the Court."

Although Ford was in his own automobile at the time of his arrest, he was on the public highway and not on his own premises within the meaning of the statute. State v. Perry, 120 N.C. 580; State v. Hewell, 90 N.C. 705. The critical question is whether the evidence was sufficient to warrant the finding that Ford wilfully and intentionally carried the weapon concealed about his person. The purpose of the statute is to reduce the likelihood a concealed weapon may be resorted to in a fit of anger. In case of an altercation, one who has a pistol concealed about his person will be less likely to act with restraint than if he were unarmed. If both parties are unarmed, bloody noses, black eyes, and torn shirts are the principal dangers which grow out of a fight. If, however, one or each party has a concealed weapon, the result of an altercation may be a funeral and a homicide trial, or two funerals.

In this case, Ford was convicted of carrying the rifle concealed about his person. Gainey and Ingram were convicted of aiding and abetting Ford in that offense. To be criminal, the weapon must be concealed, not necessarily on the person of the accused, but in such position as gives him ready access to it. May we say from this evidence that the weapon was concealed about Ford's person?

STATE *v.* GAINEY.

The evidence indicates one of the officers saw Ingram and perhaps one of the others rearranging the seat after the automobile stopped. The implication is they were concealing the weapon beneath the seat. There is no evidence whatever that Ford knew of or participated in this concealment. The other weapons were out in the open. Why the sawed off rifle was concealed, or who concealed it, or when, does not appear with any degree of certainty. Ford claimed the shotgun, which was unconcealed. Gainey claimed the repeating rifle, which was unconcealed. The sawed off rifle may or may not have been in the open at the time Officer Dean intercepted the party.

The evidence was insufficient to warrant the conviction of Ford for carrying the rifle concealed about his person. He was in the driver's seat. The rifle was under the back seat. Three men were riding on that seat. Justice Merriman, in *State v. McManus,* 89 N.C. 555, stated our rule: ". . . The language is not 'concealed *on* his person,' but 'concealed about his person'; that is, concealed near, in close proximity to him, and within his convenient control and easy reach, so that he could promptly use it, if prompted to do so by any violent motive. . . . It makes no difference how it is concealed, so it is on or near to and within the reach and control of the person charged."

A detailed discussion and citation of authorities from many states dealing with concealment *on* or *about* the person may be found in 43 A.L.R. 2d, pp. 492 to 524, and in the New York University Law Review, Vol. 26, pp. 210 to 214.

The Attorney General, on the argument, quite frankly admitted that Ford's conviction may not be sustained unless this Court goes beyond any of its previously decided cases. The mere fact of five armed men speeding on the highway at 1:00 in the morning arouses suspicion as to the legitimacy of their plans. But we must not hurry the law to punish conduct that is not criminal. Punishment may be only for unlawful conduct. In determining what that is, we must construe the law strictly in favor of the accused. Under this rule, we hold the evidence was insufficient to warrant the conviction of Ford for carrying the sawed off rifle concealed about his person. Since his conviction was improper, the conviction of Gainey and Ingram for aiding and abetting him must also fail. *State v. Spruill,* 214 N.C. 123, 198 S.E. 611.

The convictions and judgments of the three appellants are
Reversed.