STATE OF NORTH CAROLINA v. ADRIAN GAYTON

No. COA06-1225

(Filed 7 August 2007)

**1. Evidence— testimony about gangs—unrelated to charges— not prejudicial**

The admission of testimony about gangs was erroneous but not prejudicial in a prosecution for cocaine trafficking and carrying a concealed weapon. The information had nothing to do with the charges, but there was overwhelming undisputed evidence of defendant's guilt.

**2. Evidence— hollow point bullets—not probative of issues— not prejudicial**

The admission of testimony about hollow point bullets found in defendant's gun was erroneous but not prejudicial in a prosecution for cocaine trafficking and carrying a concealed weapon. The State provided evidence of each element of the offense that was not challenged.

**3. Evidence— photographs of gang tattoos—not revealed in discovery**

The trial court did not abuse its discretion by declining to exclude as a discovery sanction photographs of tattoos indicating defendant's possible gang membership, for the stated reason that

STATE v. GAYTON

[185 N.C. App. 122 (2007)]

defendant was aware of his own tattoos. Given the overwhelming evidence of defendant's guilt, the court was within its rights to hold that the photographs need not be excluded.

Appeal by defendant from judgment entered 20 March 2006 by Judge Abraham P. Jones in Durham County Superior Court. Heard in the Court of Appeals 9 May 2007.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Judith Tillman, for the State.*

*Duncan B. McCormick for defendant-appellant.*

HUNTER, Judge.

Adrian Gayton ("defendant") appeals from a jury verdict of guilty on charges of trafficking cocaine by possession and carrying a concealed weapon. After careful review, we find no prejudicial error.

In May 2005, Detectives T.J. Cote, Claiborne Clark, and Spencer Chamberlain, along with other members of the Durham County Sheriff's office, conducted an undercover narcotics operation in Durham. In early May 2005, Detective Cote set up and carried out two small cocaine purchases with a suspected drug dealer named Martin Estrada ("Estrada"). The officers then set up a larger transaction for 17 May 2005.

On that date, Detective Cote had arranged to meet Estrada in a parking lot to conduct the transaction while the other detectives maintained surveillance. When Estrada arrived, defendant was in his passenger seat. Estrada exited the vehicle and got into the front seat of Detective Cote's car, where the transaction took place. Defendant remained in Estrada's car during this time, watching the transaction.

Once the transaction was complete, the surveillance team approached. Two detectives extracted defendant from the car, at which point one detective saw a handgun on the passenger seat where defendant had been sitting. Both defendant and Estrada were arrested.

Defendant was convicted of one count each of trafficking in cocaine and carrying a concealed weapon and sentenced to 175 to 219 months imprisonment. Defendant appeals.

STATE v. GAYTON

[185 N.C. App. 122 (2007)]

I.

Three of defendant's arguments[1] concern evidence that defendant claims was admitted erroneously by the trial court because such evidence was irrelevant and its probative value was substantially outweighed by the danger of unfair prejudice.

These arguments are based on the rule of evidence stating that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]" N.C. Gen. Stat. § 8C-1, Rule 403 (2005).

> Whether to exclude evidence pursuant to Rule 403 is a matter left to the sound discretion of the trial court. A ruling by the trial court will be reversed for an abuse of discretion only upon a showing that the ruling was so arbitrary that it could not have been the result of a reasoned decision.

*State v. Jones*, 347 N.C. 193, 213, 491 S.E.2d 641, 653 (1997) (internal citation omitted). We thus review the trial court's decision as to the admission of this evidence for abuse of discretion.

A.

[1] Defendant first argues that certain testimony from Detectives Cote and Clark giving general information regarding gangs was irrelevant and unduly prejudicial. While the admission of this evidence was indeed error, we do not find that it was prejudicial, and as such we overrule this assignment of error.

Specifically, defendant objected to the following pieces of testimony: Detective Cote's testimony that Estrada, who actually sold him the cocaine, had a "13" inscribed on his neck, which he stated indicated Estrada's affiliation with one of two gangs in the area; Detective Cote's testimony that a person who pretends to be a gang member may be subjected to violence by actual members, who might cut the tattoo off that person; Detective Clark's testimony that members of the gang in question associate only with members of their own gang, and never with outsiders; and Detective Cote's testimony that gangs, including the one to which Estrada likely belonged, are notoriously violent and commonly associated with guns, violence, and drugs, as

---

1. Defendant has five arguments in his brief. However, one of the five is the same argument as his first argument below (as to the admission of gang-related testimony) but argued against a plain error standard, in case we found his objections during trial insufficient. Since his objections were sufficient, we have not separately addressed his plain error argument.

well as Detective Clark's reiteration of the reputation for violence the gangs have.

Further, in discussing how his beliefs and expectations as to the drug buy were affected by his realization that defendant and Estrada were gang members, Detective Cote testified: "When you're dealing with $20,000 [gang members will] take your life in a heartbeat."

In overruling defendant's objections to this testimony, the trial judge stated that it was relevant because it helped explain how the officers went about planning the operation—that is, it showed that the officers' knowledge that they were dealing with gang members affected the way they set up the buy. Further, the court noted, this testimony was elicited from police officers testifying based upon their own experiences working in the narcotics field or undercover.

Even if it were true that the officers felt forced to revamp the entire operation after finding out defendant and Estrada were possible gang members and decided to take specific precautions because they feared the two men might become violent, this information has nothing to do with defendant trafficking cocaine by possession and carrying a concealed weapon. It does not tend "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2005). Indeed, the only probative value the information had in this case was to portray defendant as a gang member. Therefore, we must conclude that the admission of this evidence was error.

However, defendant has the burden to show not only that it was error to admit this evidence, but also that the error was prejudicial: A defendant must show that, but for the error, a different result would likely have been reached. *State v. Freeman*, 313 N.C. 539, 548, 330 S.E.2d 465, 473 (1985). Where there exists "overwhelming evidence of defendant's guilt[,]" defendant cannot make such a showing; this Court has so held in cases where the trial court improperly admitted evidence relating to defendant's membership in a gang. *See, e.g., Freeman*, 313 N.C. at 548, 330 S.E.2d at 473 (holding that evidence of the defendant's gang membership was properly admitted to explain his presence at the murder scene, but evidence that the gang was a " 'motorcycle gang' " was erroneously admitted because it was "irrelevant to the issue of defendant's guilt"; however, because of the "overwhelming evidence of defendant's guilt[,]" this error could not

have influenced the outcome of the trial), *State v. Hightower*, 168 N.C. App. 661, 667, 609 S.E.2d 235, 239 (2005) (holding that testimony as to the defendant's gang membership provided evidence of his motive and reason for involvement in the crime, but not reaching whether it was admitted erroneously because of the overwhelming evidence of the defendant's guilt).

The same holds true in the case at hand: At trial, overwhelming undisputed evidence was presented as to defendant's guilt. The crime of trafficking by possession consists simply of the sale, manufacture, delivery, transportation, or possession of twenty-eight grams or more of certain illicit substances, acts which the legislature determined indicate an intent to distribute on a large scale. *See* N.C. Gen. Stat. § 90-95(h)(3) (2005); *see also State v. McCoy*, 105 N.C. App. 686, 689, 414 S.E.2d 392, 394 (1992). "Possession can be actual or constructive. When the defendant does not have actual possession, but has the power and intent to control the use or disposition of the substance, he is said to have constructive possession." *State v. Baldwin*, 161 N.C. App. 382, 391, 588 S.E.2d 497, 504-05 (2003) (internal citation omitted). Further, when the State has shown "that a defendant was present while a trafficking offense occurred and that he acted in concert with others to commit the offense pursuant to a common plan or purpose," we have held that the State need not specifically prove constructive possession. *State v. Diaz*, 317 N.C. 545, 552, 346 S.E.2d 488, 493 (1986).

Here, defendant does not dispute any of the officers' testimony as to his presence at or conduct during the drug buy. Ignoring all evidence related to gangs and gang activity, the unchallenged evidence presented by the State at trial showed that defendant arrived with Estrada in the car to the sale, was in the seat next to Estrada during the sale, observed the sale of the drugs, and apparently acted as security of sorts for Estrada. Thus, even had all the evidence as to gangs been excluded, the State presented enough evidence—unchallenged to this Court—that the statute was violated.

Defendant argues to this Court that the jury's request for clarification with respect to the aiding and abetting instruction they had been given is evidence that without the gang-related evidence a reasonable possibility exists that the result might have been different. However, defendant's argument on this point is to simply state the fact about the jury's request and follow it with this bare assertion about the change in outcome. This argument is unconvincing.

We see no proof that, without this error, a different result would likely have been reached. As such, we overrule this assignment of error.

## B.

[2] Detective Chamberlain also testified that, among the bullets recovered from the guns of defendant and Estrada, the police found hollow point bullets. He stated that "a hollow point bullet, once it hits its impact, actually expands and does a whole lot more damage." Again, this evidence does not tend "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401. Therefore, we must conclude that the admission of this evidence was also error.

Again, however, defendant cannot carry the burden of showing that this error was prejudicial. As to the charge of carrying a concealed weapon, the elements of the offense are: "(1) The accused must be off his own premises; (2) he must carry a deadly weapon; [and] (3) the weapon must be concealed about his person." *State v. Williamson*, 238 N.C. 652, 654, 78 S.E.2d 763, 765 (1953); N.C. Gen. Stat. § 14-269(a1) (2005). Defendant does not dispute that the take-down occurred in a public parking lot; nor does he argue that a loaded weapon is not a deadly weapon. As to the final element, the statutory language requires that the weapon be " 'within his convenient control and easy reach, so that he could promptly use it, if prompted to do so by any violent motive.' " *State v. Gainey*, 273 N.C. 620, 623, 160 S.E.2d 685, 687 (1968) (quoting *State v. McManus*, 89 N.C. 555 (1883)). According to Detective Clark's unchallenged testimony, when he approached the passenger side of the car where defendant sat, defendant had his right arm extended down between his legs, with his hand stuck under his left leg. After pulling defendant from the passenger seat, the detective discovered a loaded handgun on the passenger seat "in the area where [defendant's] leg and hand would have been[.]" Thus, the State provided evidence at trial which defendant does not challenge to this Court to prove each element of the offense. In addition, this Court has specifically held that even where evidence as to hollow-point bullets was improperly admitted, "the error was harmless beyond a reasonable doubt in light of the overwhelming evidence of defendant's guilt." *State v. Cummings*, 346 N.C. 291, 323, 488 S.E.2d 550, 569 (1997).

As such, the admission of this evidence was not prejudicial error and does not warrant a new trial.

## II.

**[3]** Defendant next argues that the gang-related evidence should have been excluded because the State violated discovery rules as to this evidence. This argument is without merit.

Defendant made a motion *in limine* to the trial court to exclude any gang-related evidence or testimony. Once the trial had begun, the only specific piece of evidence that defendant argued to the trial court that he had not properly received during discovery were photographs of his client's tattoos indicating possible gang membership. The trial judge ruled that all the evidence would be admitted, noting that defendant was, obviously, aware of his own tattoos, and thus his attorney could have found out about them at any time; and, further, that defendant's motion *in limine* to exclude any gang-related evidence showed clearly that he had some notice that such materials were going to be presented at trial.

Per N.C. Gen. Stat. § 15A-903(a)(1) (2005), the State must "[m]ake available to the defendant the complete files of all law enforcement and prosecutorial agencies," where " 'file' " includes "any . . . matter or evidence obtained during the investigation of the offenses alleged to have been committed by the defendant." *Id.* When a party fails to comply with these guidelines, "[p]rior to finding any sanctions appropriate, the court shall consider both the materiality of the subject matter and the totality of the circumstances surrounding an alleged failure to comply with this Article[.]" N.C. Gen. Stat. § 15A-910(b) (2005).

This Court reviews such decisions by the trial court for abuse of discretion:

It is within the trial court's sound discretion whether to impose sanctions for a failure to comply with discovery requirements, including whether to admit or exclude evidence, and the trial court's decision will not be reversed by this Court absent an abuse of discretion. An abuse of discretion results from a ruling so arbitrary that it could not have been the result of a reasoned decision or from a showing of bad faith by the State in its noncompliance.

STATE v. GAYTON

[185 N.C. App. 122 (2007)]

*State v. McClary*, 157 N.C. App. 70, 75, 577 S.E.2d 690, 693, *appeal dismissed and disc. review denied*, 357 N.C. 466, 586 S.E.2d 466 (2003) (internal citation omitted).

We cannot say that the trial court abused its discretion in admitting this evidence. The court was not required to exclude the evidence even had it found that the State violated discovery requirements. As mentioned above, the court must consider the totality of the circumstances, and given the overwhelming evidence of defendant's guilt, the court was within its rights to hold that these few photographs need not be excluded. As such, we overrule this assignment of error.

## III. Conclusion

Although the disputed evidence was irrelevant and thus improperly admitted, defendant cannot show that without the evidence a different result would likely have been reached. As such, we find no prejudicial error.

No error.

Judges ELMORE and GEER concur.