STATE OF NORTH CAROLINA, Plaintiff v. BRIAN DEAN SOLES, Defendant

No. COA07-1076

(Filed 1 July 2008)

**Weapons and Other Firearms— concealed weapon—evidence not sufficient—firearm in backpack in van—no evidence of location in van**

The trial court should have granted defendant's motion to dismiss a charge of carrying a concealed weapon where the weapon was found in a backpack in a van from which the rear

seats had been removed. There must be evidence that the weapon was within the reach and control of the defendant, but the State did not present evidence about where the backpack was found in the van.

Appeal by defendant from judgment entered on or about 10 May 2007 by Judge W. Robert Bell in Superior Court, Mecklenburg County. Heard in the Court of Appeals 2 April 2008.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Martin T. McCracken, for the State.*

*William B. Gibson, for defendant-appellant.*

STROUD, Judge.

Defendant was convicted by a jury of possession of a firearm by a felon and carrying a concealed weapon. Defendant appeals. The dispositive question before this Court is whether the trial court erred in denying defendant's motions to dismiss because there was insufficient evidence to prove the charge of carrying a concealed weapon. For the following reasons, we reverse and remand.

## I. Background

On 18 December 2005, Officer David Jones ("Officer Jones") with the Charlotte-Mecklenburg Police Department was on patrol on the east side of Charlotte. At approximately 8:45 p.m., Officer Jones stopped defendant for an expired tag. Defendant was driving a gray '92 Ford Aero Star mini van ("van") and was the only person in the van. Officer Jones noticed two movie DVDs on the passenger seat of the van because of "the packaging, and that they were not out on DVD yet." Officer Jones asked defendant to step out of his van and patted him down. Officer Jones found nothing illegal from the pat down of defendant. Officer Jones then had defendant sit in the back of his patrol car for "investigative detention." After receiving defendant's consent, Officer Jones went back to the van and noticed there were no seats in the back of the van, but there were two suitcases and a black backpack. Officer Jones then searched the van and found several CDs and DVDs in the suitcases. Officer Jones unzipped the backpack and found various articles of clothing and a loaded pistol.

On or about 9 January 2006, defendant was indicted for possession of a firearm by a felon and carrying a concealed weapon. On or about 10 May 2007, trial began. At the close of the State's evidence

and of all of the evidence defendant made a motion to dismiss the charge of carrying a concealed weapon based on the insufficiency of the evidence. A jury found defendant guilty of possession of a firearm by a felon and carrying a concealed weapon. The trial judge determined that defendant had a prior record level of three and sentenced him to 16 to 20 months imprisonment. Defendant appeals. The dispositive question before this Court is whether the trial court erred in denying defendant's motions to dismiss because there was insufficient evidence to prove the charge of carrying a concealed weapon. For the following reasons, we reverse and remand.

## II. Carrying a Concealed Weapon

N.C. Gen. Stat. § 14-269(a) provides, "It shall be unlawful for any person willfully and intentionally to carry concealed about his person any bowie knife, dirk, dagger, slung shot, loaded cane, metallic knuckles, razor, shurikin, stun gun, or other deadly weapon of like kind, except when the person is on the person's own premises." N.C. Gen. Stat. § 14-269(a) (2005). Defendant argues that there was insufficient evidence to prove the weapon was "concealed about his person[.]" *See id.* For the following reasons, we agree.

> The proper standard of review on a motion to dismiss based on insufficiency of the evidence is the substantial evidence test. The substantial evidence test requires a determination that there is substantial evidence (1) of each essential element of the offense charged, and (2) that defendant is the perpetrator of the offense. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. If there is substantial evidence of each element of the charged offense, the motion should be denied.

*State v. Key*, 182 N.C. App. 624, 628-29, 643 S.E.2d 444, 448 (internal citations and internal quotation marks omitted) (quoting *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990)) (citing *State v. Bullard*, 312 N.C. 129, 160, 322 S.E.2d 370, 387 (1984)), *disc. rev. denied*, 649 S.E.2d 398 (2007).

"As to the charge of carrying a concealed weapon, the elements of the offense are: (1) The accused must be off his own premises; (2) he must carry a deadly weapon; and (3) the weapon must be concealed about his person." *State v. Gayton*, 185 N.C. App. 122, 127, 648 S.E.2d 275, 279 (2007) (internal quotation marks and brackets omitted) (quoting *State v. Williamson*, 238 N.C. 652, 654, 78 S.E.2d 763,

765 (1953)). The State must prove that the weapon is concealed "not necessarily on the person of the accused, but in such position as gives him ready access to it." *State v. Gainey*, 273 N.C. 620, 622, 160 S.E.2d 685, 686 (1968). In *Gainey*, one of three defendants, Ford, was convicted of carrying a concealed weapon when "[h]e was in the driver's seat" and the weapon "was under the back seat." *Id.* at 623, 160 S.E.2d at 686-87. This Court found there was insufficient evidence to convict Ford and reversed his conviction and judgment because

> [t]he language is not "concealed on his person," but "concealed about his person"; that is, concealed near, in close proximity to him, and within his convenient control and easy reach, so that he could promptly use it, if prompted to do so by any violent motive. It makes no difference how it is concealed, so it is on or near to and within the reach and control of the person charged.

*Id.* at 623, 160 S.E.2d at 687 (quoting *State v. McManus*, 89 N.C. 555 (1883)) (quotation marks and ellipses omitted).

Cases which have addressed the requirement that the weapon be "about" the person of the defendant in various contexts have focused on the ready accessibility of the weapon, such that it was "within the *reach* and control of the person charged." *See id.* (emphasis added). For example, in *Gayton* this Court found no prejudicial error where

> [a]ccording to Detective Clark's unchallenged testimony, when he approached the passenger side of the car where defendant sat, defendant had his right arm extended down between his legs, with his hand stuck under his left leg. After pulling defendant from the passenger seat, the detective discovered a loaded handgun on the passenger seat in the area where defendant's leg and hand would have been.

*Gayton* at 127, 648 S.E.2d at 279 (internal quotation marks and brackets omitted). In *State v. Brooks*,

> the evidence supported the trial court's findings that Kennedy approached the defendant's car and, using his flashlight, looked into the interior. Upon viewing the empty holster next to the defendant, Kennedy asked the defendant where his gun was and was told by the defendant that the defendant was sitting on the gun. Kennedy then had probable cause to arrest the defendant for carrying a concealed weapon.

337 N.C. 132, 145, 446 S.E.2d 579, 588 (1994). In *State v. Jordan*, this Court found no prejudicial error for the defendant's conviction of carrying a concealed weapon where defendant

> was the driver of the car; the witnesses to the accident who prevented defendant's escape, as they advised the patrolman, saw him reach under the driver's seat as though placing something there, and that is where the patrolman found the gun.

75 N.C. App. 637, 640, 331 S.E.2d 232, 234, *disc. rev. denied,* 314 N.C. 544, 335 S.E.2d 23 (1985). In *State v. White,*

> [d]efendant reached to the back seat and withdrew a .44 Magnum revolver from the bag. [This Court noted that defendant was] properly arrested . . . without a warrant inasmuch as [the police] had reasonable ground to believe defendant was committing a misdemeanor—carrying a concealed weapon in violation of G.S. § 14-269[.]

18 N.C. App. 31, 32-33, 195 S.E.2d 576, 577-78, *cert. denied and appeal dismissed,* 283 N.C. 587, 196 S.E.2d 811 (1973). Although the cases cited above had different procedural postures and legal issues than the case before us, we nonetheless find these cases to support the proposition that in order to convict an individual of carrying a concealed weapon, there must be evidence that "the weapon was within the reach and control of the person charged." *See Gainey* at 623, 160 S.E.2d at 687.

The State did not present any evidence regarding where in the van Officer Jones found the backpack in which the gun was concealed. The State's own brief reads,

> Officer Jones testified that the rear seats had been removed from the mini-van so there would have been no apparent impediment to defendant leaping into the rear of the vehicle to retrieve his weapon. Although the record is silent on this point, the backpack may well have been sitting within arm's reach of defendant while he sat in the driver's seat.

The State concedes "the record is silent on this point[,]" so that there was no evidence that the weapon was concealed "in such position as gives [defendant] ready access to it." *Gainey* at 622, 160 S.E.2d at 686. We cannot make an assumption that the backpack might have been "within the reach" of the driver's seat, as the State suggests, as the State has the burden to prove each element of the crime beyond a rea-

IN RE D.C.

[191 N.C. App. 246 (2008)]

sonable doubt. *See Gainey* at 623, 160 S.E.2d at 687. The State failed to present any evidence the gun was "concealed near, in close proximity to [defendant], and within his convenient control and easy reach, so that he could promptly use it, if prompted to do so by any violent motive." *Id.* at 623, 160 S.E.2d at 687. Therefore, the trial court should have granted defendant's motion to dismiss the charge of carrying a concealed weapon.

## III. Conclusion

As the State failed to present evidence of all of the elements of carrying a concealed weapon defendant's motion to dismiss should have been granted. We reverse defendant's conviction and judgment on carrying a concealed weapon and remand to the trial court with instructions to dismiss the charge of carrying a concealed weapon and to re-sentence defendant only upon his conviction for possession of a firearm by a felon.

REVERSED AND REMANDED.

Judges HUNTER and ELMORE concur.