Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/05/2016 11:12 AM CDT

State of Nebraska, appellee, v.
Joseph D. Senn, Jr., appellant.
___ N.W.2d ___

Filed July 5, 2016.    No. A-15-734.

1. **Criminal Law: Weapons.** Neb. Rev. Stat. § 28-1202 (Cum. Supp.
   2014) provides that generally, any person who carries a weapon or
   weapons concealed on or about his or her person, such as a handgun, a
   knife, brass or iron knuckles, or any other deadly weapon, commits the
   offense of carrying a concealed weapon.
2. **Pleadings: Appeal and Error.** An appellate court will decide a case on
   the theory on which it was presented in the trial court.
3. **Criminal Law: Weapons.** The purpose of Neb. Rev. Stat. § 28-1202
   (Cum. Supp. 2014), Nebraska's concealed weapon statute, is to prevent
   the carrying of weapons because of the opportunity and temptation to
   use them which arise from concealment.
4. **Weapons: Words and Phrases.** A weapon is concealed on or about the
   person if it is concealed in such proximity to the driver of an automobile
   as to be convenient of access and within immediate physical reach.
5. **Weapons: Evidence.** Neb. Rev. Stat. § 28-1212 (Reissue 2008) provides
   that the presence in a motor vehicle of any firearm shall be prima facie
   evidence that it is in the possession of, and is carried by, all persons
   occupying such motor vehicle at the time such firearm is found, unless
   such firearm is found upon the person of one of the occupants.

Appeal from the District Court for Richardson County:
Daniel E. Bryan, Jr., Judge. Reversed and remanded with
directions to dismiss.

Keith M. Kollasch, of Kollasch Law Office, L.L.C., for
appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

Inbody, Pirtle, and Riedmann, Judges.

Riedmann, Judge.

## INTRODUCTION

Following a jury trial in the district court of Richardson County, Nebraska, Joseph D. Senn, Jr., was convicted of carrying a concealed weapon and acquitted of three other charges—attempted second degree murder, use of a firearm to commit a felony, and terroristic threats. A second terroristic threat charge was dismissed following the State's presentation of evidence. On appeal, Senn argues that the evidence was insufficient to support his conviction of carrying a concealed weapon. We agree and accordingly reverse the conviction and remand the cause with directions to dismiss.

## BACKGROUND

On October 4, 2014, Senn drove a U-Haul truck to the home of Buckley Auxier with the purpose of assisting Natalie Auxier in removing some of her possessions from the home. At that time, Natalie and Buckley were involved in divorce proceedings. Buckley is a farmer, and his farmhand Shaun Robertson was also present at Buckley's home during the incident and testified in court. Upon arriving, Senn represented to Buckley that he had been directed by Natalie's lawyer to retrieve her property. Buckley began yelling at Senn and Natalie. Using obscene language, he directed them to leave his home.

Buckley testified at trial that at this point, Senn returned to the U-Haul and pulled out a handgun. When asked where in the U-Haul the handgun had been stored, Buckley replied, "It might have been underneath the seat. I don't know. It was in the U-Haul, easy to reach." Robertson described the handgun retrieval by saying that Senn "went over to the U-Haul and obtained a pistol that was hidden in there." Buckley

and Robertson testified that Senn then pointed the gun at Robertson and ordered him to "'[g]et back in the house . . . .'" They testified that Senn then pointed the handgun at Buckley, pulled the trigger, and fired a shot—but missed. Buckley states that after firing the shot, Senn left the premises with Natalie in the U-Haul. Senn testified that he left the property when the confrontation grew heated and that he neither retrieved the handgun nor fired a shot at Buckley.

Buckley stated that he telephoned law enforcement officers immediately after Senn departed from the property. Buckley and Robertson testified that they discovered a spent shell casing on the property after Senn left. Robertson testified that the shell casing smelled like it had just been fired.

The Richardson County Sheriff and his deputy intercepted the U-Haul some distance from Buckley's property and initiated a traffic stop. Senn was driving the U-Haul, and Natalie was riding as a passenger. During the stop, the deputy noticed a blue plastic manufacturer's firearms box behind the passenger seat in the U-Haul. The firearms box contained a 9-mm semiautomatic handgun. The deputy testified that given the location of the firearms box during the stop, the driver of the vehicle could not have reached the weapon while driving. The sheriff testified that the firearms box was found "against the wall of the truck — between the passenger seat and the right side wall of the truck, partially behind the seat, with some clothing on top of it" and that "it was completely on the other side of the cab" from the driver.

Senn admitted that the handgun in the blue plastic case belonged to him. A forensic scientist testified to his opinion that the shell casing found on Buckley's property was fired from the handgun found in the U-Haul during the traffic stop. Senn testified that although he had not fired his handgun on October 4, 2014, he had visited Buckley's property approximately a week earlier with Natalie to remove other possessions and had fired several shots using an old basketball as a target on that occasion. He testified that he did not

remove all of the shell casings after firing the handgun the week before.

During closing arguments, the State and defense counsel presented opposing views about whether the elements of carrying a concealed weapon had been met. The State asserted that the pistol "was found on or about his person [given that it] was found in the driver's compartment of the U-Haul vehicle when [the sheriff and deputy] conducted the traffic stop. There's no doubt that the elements [of] carrying a concealed weapon[] have been met." Defense counsel argued that the pistol was not "on or about his person" because the pistol "was unreachable" during the traffic stop.

The jury instruction on the concealed weapon charge states that the elements the State must prove beyond a reasonable doubt on that charge are "(1) That . . . Senn . . . ; (2) On or about October 4, 2014; (3) In Richardson County, Nebraska; (4) Did carry a weapon concealed on or about his person to-wit: 9mm semi-automatic handgun."

After deliberation, the jury found Senn guilty of carrying a concealed weapon and not guilty of the remaining charges. The district court sentenced Senn to a fine of $200 on the concealed weapon conviction. Senn appeals from his conviction.

## ASSIGNMENT OF ERROR

Senn assigns that the evidence adduced at trial was insufficient to support the jury's guilty verdict for the charge of carrying a concealed weapon.

## STANDARD OF REVIEW

When reviewing the sufficiency of the evidence to support a conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Irish*, 292 Neb. 513, 873 N.W.2d 161 (2016).

## ANALYSIS

[1] Senn's only argument on appeal is that the evidence adduced at trial was insufficient to demonstrate that during the traffic stop the handgun was concealed "on or about" Senn's person as required by Neb. Rev. Stat. § 28-1202 (Cum. Supp. 2014), Nebraska's statute prohibiting carrying a concealed weapon. Section 28-1202 provides:

> (1)(a) Except as otherwise provided in this section, any person who carries a weapon or weapons concealed on or about his or her person, such as a handgun, a knife, brass or iron knuckles, or any other deadly weapon, commits the offense of carrying a concealed weapon.

[2] A weapon is concealed on or about the person if it is concealed in such proximity to the driver of an automobile as to be convenient of access and within immediate physical reach. *State v. Saccomano*, 218 Neb. 435, 355 N.W.2d 791 (1984). At trial, the State argued that the elements of the concealed weapon statute were met based upon the handgun's location in the cab of the U-Haul at the time the sheriff and deputy conducted a traffic stop. On appeal, the State argues that the jury could have found that Senn carried a concealed weapon immediately before he allegedly shot at Buckley. However, as a general rule, an appellate court will decide a case on the theory on which it was presented in the trial court. *Nelson v. Cool*, 230 Neb. 859, 434 N.W.2d 32 (1989). Therefore, we consider only the argument presented at trial— that Senn carried a concealed weapon when stopped by the sheriff and deputy.

The issue in this appeal is the meaning of the statutory language "concealed on or about [the defendant's] person." § 28-1202. Specifically, we consider whether, as Senn argues, a weapon inside the cab of a vehicle but in a location where it could not be reached by the driver is not "in such proximity to the driver . . . as to be convenient of access and within immediate physical reach," *State v. Saccomano*, 218 Neb. at 436, 355 N.W.2d at 792, or whether, as the State asserted at trial,

a firearm's location in the cab of the vehicle is enough to satisfy the element that the weapon be concealed "on or about" the defendant's person. We note that no jury instruction was tendered to define the phrase "on or about" the defendant's person and that the prosecutor and the defense counsel argued conflicting definitions in closing arguments.

[3,4] The purpose of § 28-1202, Nebraska's concealed weapon statute, is to prevent the carrying of weapons because of the opportunity and temptation to use them which arise from concealment. *State v. Saccomano, supra*. In applying the concealed weapon statute to the vehicular context, the Nebraska Supreme Court has held that "[a] weapon is concealed on or about the person if it is concealed in such proximity to the driver of an automobile as to be convenient of access and within immediate physical reach." *State v. Saccomano*, 218 Neb. at 436, 355 N.W.2d at 792. Nebraska case law has not specifically addressed whether a firearm concealed within the cab of the vehicle but outside the reach of the driver may be considered to be "within immediate physical reach" of the driver. See *id.*

In Nebraska vehicular concealed weapon cases, physical proximity to the driver is an essential factor in determining whether a weapon is concealed "on or about" one's person under § 28-1202. The majority of Nebraska case law finding firearms to be concealed "on or about" the person of a motor vehicle's driver have specified that the firearm was within physical access or reach of the driver. See, *State v. Saccomano, supra* (defendant carried concealed weapon when he operated automobile with gun concealed under front seat); *Kennedy v. State*, 171 Neb. 160, 105 N.W.2d 710 (1960) (defendant, who was driving vehicle, was guilty of carrying concealed weapon where two revolvers were found on center of back seat where they were readily accessible to occupants of vehicle); *Phillips v. State*, 154 Neb. 790, 49 N.W.2d 698 (1951) (defendant driver convicted of carrying concealed weapon where two

loaded revolvers were found under right front seat where they were readily accessible).

In *State v. Goodwin*, 184 Neb. 537, 169 N.W.2d 270 (1969), the Nebraska Supreme Court considered the question of whether a weapon within easy reach of a defendant still satisfied the concealed weapon statute if it were in a locked container. In *Goodwin*, the defendant concealed a weapon in his locked glove compartment. The Nebraska Supreme Court relied upon the weapon's physical proximity to the driver and the driver's command of the situation to find the weapon to be concealed "on or about" the person of the driver notwithstanding the lock. *Id.* The *Goodwin* court referred to the reasoning of an Ohio court presented with similar facts and law, which emphasized that a glove compartment is "within easy reach" of the driver and that locking the glove compartment should not save a defendant from conviction when the locked or unlocked status of the glove compartment is the driver's choice and under his immediate command. *Id.* at 542, 169 N.W.2d at 274, citing *City of Cleveland v. Betts*, 107 Ohio App. 511, 148 N.E.2d 708 (1958), *affirmed* 168 Ohio St. 386, 154 N.E.2d 917. The reasoning in *Goodwin* therefore confirms that physical proximity is an essential factor in determining whether a weapon is concealed "on or about" one's person under § 28-1202.

Other states with similar concealed weapon statutes have considered the question of whether a weapon within the cab of a vehicle but outside the reach of the driver is concealed "on or about" the person of the driver and have concluded as we do that it is not. In *The People v. Niemoth*, 322 Ill. 51, 152 N.E. 537 (1926), the Illinois Supreme Court reversed a conviction of carrying a concealed weapon, determining that two firearms could not be said to be concealed "on or about" the defendant's person where there was no evidence that he could have "reached them without moving from his position in the front seat." *Id.* at 53, 152 N.E. at 537. The Illinois court went on to opine that to hold otherwise would improperly

extend the statute into one barring all transportation of loaded firearms in vehicles. *Id.* See, also, *The People v. Liss*, 406 Ill. 419, 94 N.E.2d 320 (1950) (reversing conviction for carrying concealed weapon and holding that immediate accessibility of weapon requires that it be within easy reach of one who need not make appreciable change in his position in order to use it).

Similarly, a North Carolina appellate court reversed a jury verdict finding a defendant guilty of carrying a concealed weapon based on insufficiency of the evidence. *State v. Soles*, 191 N.C. App. 241, 662 S.E.2d 564 (2008). In *Soles*, a search of a van revealed a loaded pistol in a backpack located in the rear of the van. A state statute made it illegal for a person "'to carry concealed about his person'" a deadly weapon. *Id.* at 243, 662 S.E.2d at 566. The driver was charged as a felon in possession and for carrying a concealed weapon. A jury convicted him of both charges. On appeal, the court acknowledged that the pertinent statute did not require that the weapon actually be concealed *on* the person, but, rather, only *about* the person. It recognized that cases addressing this requirement "have focused on the ready accessibility of the weapon, such that it was 'within the *reach* and control of the person charged.'" *Id.* at 244, 662 S.E.2d at 566, quoting *State v. Gainey*, 273 N.C. 620, 160 S.E.2d 685 (1968).

Reviewing the evidence, the North Carolina court noted that the State did not present any evidence of the backpack's precise location in the van and that the State conceded the record was silent as to this issue. Emphasizing that it was the State's burden to prove each element of the crime, including that the firearm was concealed in close proximity and within the defendant's convenient control and easy reach, it concluded the trial court should have granted the defendant's motion to dismiss at the close of the State's case. See *id.* Accordingly, it reversed the defendant's conviction and remanded the cause with instructions to dismiss the charges. Like these other jurisdictions, the Nebraska Supreme Court has interpreted the

phrase "concealed on or about" the person of a driver to
mean "in such proximity to the driver . . . as to be conve-
nient of access and within immediate physical reach," *State v.
Saccomano*, 218 Neb. 435, 436, 355 N.W.2d 791, 792 (1984),
and all of our case law has focused on the physical accessibil-
ity of the firearm. We further note that under Nebraska law,
the construction of what it means to conceal a weapon "on
or about" one's person is distinct from the broader concept
of "possessing" a weapon. In contrast to the specific require-
ment that a weapon concealed "on or about" a driver's person
must be "convenient of access and within immediate physical
reach," *State v. Saccomano, supra*, "possession" requires only
knowing dominion or control over an object even if that object
is physically remote. See, *State v. Long*, 8 Neb. App. 353, 594
N.W.2d 310 (1999); *State v. Frieze*, 3 Neb. App. 263, 525
N.W.2d 646 (1994). Given this precedent, we find it appropri-
ate in this case to interpret "within immediate physical reach"
of a driver to mean within Senn's reach at the time he was
pulled over. To hold otherwise would disregard the require-
ment that the firearm be "within immediate physical reach" and
would obliterate the distinction between carrying a concealed
weapon and mere possession.

In this case, the evidence establishes that the sheriff and
deputy uncovered the firearm in a part of the U-Haul where
Senn could not reach it when he was apprehended. The deputy
who conducted the traffic stop testified that the driver of the
vehicle could not have reached the weapon while driving.
The sheriff agreed that the firearms box was completely on
the other side of the cab from the driver's seat. The State's
assertion during closing arguments that a gun found any-
where in the driver's compartment of a vehicle is "on or
about" the person of the driver is an overbroad statement of
the law because it neglects the Nebraska Supreme Court's
requirement that the weapon be "convenient of access and
within immediate physical reach" of a driver. See *State v.
Saccomano*, 218 Neb. at 436, 355 N.W.2d at 792. It was the

State's burden to prove that the firearm was concealed on or about Senn's person, which, under the facts of this case, we interpret to mean in a location that Senn could reach at the time he was pulled over. Because the uncontroverted testimony in this case establishes that the gun was not within immediate physical reach of Senn, the evidence is insufficient to support a conviction that Senn was carrying a concealed weapon at the time of the traffic stop. Accordingly, we reverse Senn's conviction and direct that the charge against him be dismissed.

The dissent argues that *State v. Goodwin*, 184 Neb. 537, 169 N.W.2d 270 (1969), and *Kennedy v. State*, 171 Neb. 160, 105 N.W.2d 710 (1960), expand the meaning of the phrase "within immediate physical reach" to "include situations in which access [to the weapon] may require a two-step process or require some change in position of the driver." We disagree with this interpretation, because in both *Goodwin* and *Kennedy* there is no indication that the defendants were required to move from their seats in order to access the weapons. To the contrary, both cases identify the weapons as being "within easy reach" or "readily accessible" to the defendants.

We also think this interpretation too broadly expands the concept of a weapon being "on or about" one's person and, as the Illinois court notes in *The People v. Niemoth*, 322 Ill. 51, 152 N.E. 537 (1926), this interpretation could make it illegal to transport any firearm in a vehicle that does not have a separate trunk compartment. This is particularly the case given the *Goodwin c*ourt's refusal to hold that a lock prevents a proximate weapon from being "on or about" the person. Were we to adopt the dissent's expanded proximity for carrying a concealed weapon, a defendant could be found to be carrying a concealed weapon even if he transported the weapon in a locked firearms box in an out-of-reach location in the cab of a vehicle.

[5] In the case before us, the only evidence as to the firearm's accessibility to Senn came from the two law enforcement

officers who both testified that Senn could not reach the firearm at the time he was pulled over. Given the State's burden to prove the weapon was concealed "on or about" Senn's person, as defined by case law to mean "in such proximity to the driver . . . as to be convenient of access and within immediate physical reach," see *State v. Saccomano*, 218 Neb. 435, 436, 355 N.W.2d 791, 792 (1984), we determine the evidence was insufficient to sustain the conviction. The dissent also contends that pursuant to Neb. Rev. Stat. § 28-1212 (Reissue 2008), the evidence was sufficient to present a jury question and therefore, given our standard of review, we should not reverse. Section 28-1212 states:

> The presence in a motor vehicle . . . of any firearm . . . shall be prima facie evidence that it is in the possession of and is carried by all persons occupying such motor vehicle at the time such firearm . . . is found, [unless] such firearm . . . is found upon the person of one of the occupants . . . .

However, given the phrasing of § 28-1212, presence in the vehicle constitutes prima facie evidence only that the firearm is "carried," but does not speak to the additional statutory requirement of § 28-1202 that the weapon be concealed "on or about" the person of the defendant. An appellate court will, if possible, give effect to every word, clause, and sentence of a statute, since the Legislature is presumed to have intended every provision of a statute to have a meaning. *State v. Covey*, 290 Neb. 257, 859 N.W.2d 558 (2015).

In § 28-1202, the phrase "on or about his or her person" modifies the word "concealed" and adds a locational element, defining where that weapon must be concealed in order to sustain a conviction. Therefore, giving meaning to every word or phrase of § 28-1212, the elements of the crime of carrying a concealed weapon are that (1) "any person" (2) "who carries" (3) "a weapon" (4) "concealed" (5) "on or about his or her person" then "commits the offense of carrying a concealed weapon."

Section 28-1212 creates a statutory presumption that a firearm in a vehicle is carried by any person within the vehicle, which speaks to elements (1), (2), and (3) above. However, § 28-1212 says nothing about elements (4) and (5) of § 28-1202. In asserting that a weapon's presence in a vehicle is prima facie evidence sufficient to submit a carrying a concealed weapon charge to the jury, the dissent appears to presume that elements (4) and (5) of the charge—"concealed on or about [the defendant's] person,"—are encompassed by the words "carried by" in § 28-1212. This construction denies meaning to the Legislature's use of the phrase "on or about his or her person" in its definition of the offense. See § 28-1202. Under the plain meaning of § 28-1202, the phrase "on or about his or her person" is not duplicative of the word "carries" in § 28-1202, but instead modifies where the weapon must be concealed in order to secure a conviction. Indeed, there would be no reason for the Legislature to include the phrase "on or about his or her person" if that location were necessarily implied by the word "carries."

We note that the U.S. Supreme Court, in construing the meaning of the phrase "carries a firearm," has held that the phrase does not refer exclusively to carrying a weapon upon the person but may also refer to carrying a weapon in the trunk of a vehicle. *Muscarello v. United States*, 524 U.S. 125, 118 S. Ct. 1911, 141 L. Ed. 2d 111 (1998). While the statute at issue in that case differs from the one before us, the U.S. Supreme Court's construction of this phrase supports our understanding that § 28-1212 is not prima facie evidence of a violation of § 28-1202. Therefore, the Legislature's inclusion of the requirement that a weapon be concealed "on or about [the defendant's] person" is a meaningful element that prevents a conviction for carrying a weapon in a location such as a trunk of the vehicle that is not accessible to the person of the defendant.

Further, we have significant case law defining the statutory phrase "on or about his or her person" in the context of

weapons discovered in vehicles, as outlined elsewhere in this opinion. If § 28-1212 created a prima facie case that a weapon was "on or about" the person of all occupants of a vehicle, this case law would be superseded.

In sum, § 28-1212 creates a presumption that a firearm in a vehicle is carried by its passengers; it does not create a presumption that a firearm in a vehicle is "concealed on or about" the driver. Its inapplicability to prove all the elements of the crime of carrying a concealed weapon is exemplified in *State v. Jasper*, 237 Neb. 754, 467 N.W.2d 855 (1991).

In *State v. Jasper, supra*, the Nebraska Supreme Court disapproved of a jury instruction incorporating the language of § 28-1212 in a case involving a charge of possession of a short shotgun. Although the primary basis for its decision was that an instruction creating a presumption of guilt impermissibly relieves the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime, it also highlighted the statute's limitation. The court noted that such an instruction may lead a juror to conclude that the shotgun's presence established the defendant's commission of the firearms crime. This would be erroneous because the crime required proof not only of possession, but that the defendant willfully, intentionally, and knowingly possessed the firearm. The court stated that "the crime charged was not 'presence in a vehicle containing a short shotgun,' but was 'possessing a short shotgun.'" *State v. Jasper*, 237 Neb. at 763, 467 N.W.2d at 861.

Likewise, in the present case, Senn was charged with carrying a concealed weapon, not just presence in a vehicle containing a concealed weapon. Because the presence of the firearm in the vehicle does not create a prima facie case that the weapon was located "on or about" the person of Senn, § 28-1212 does not preclude a reversal of the conviction on the basis of insufficiency of the evidence.

The Nebraska Supreme Court has said that a weapon is concealed "on or about" the person if it is concealed "in such

proximity to the driver . . . as to be convenient of access and within immediate physical reach." *State v. Saccomano*, 218 Neb. 435, 436, 355 N.W.2d 791, 792 (1984). Since the uncontroverted evidence regarding the weapon's location in this case is that it was not within the driver's immediate physical reach, it was not concealed "on or about [Senn's] person" and the evidence is insufficient to support the conviction.

## CONCLUSION

Following our review of the record considering the evidence in the light most favorable to the State, we reverse, and remand to the district court with directions to dismiss this action.

Reversed and remanded with
directions to dismiss.

Pirtle, Judge, dissenting.

I agree with the majority that the issue in this case is what it means for a weapon to be "concealed on or about [the defendant's] person." See Neb. Rev. Stat. § 28-1202 (Cum. Supp. 2014). However, I respectfully dissent with the majority's interpretation of the statutory language and its decision to reverse Senn's conviction.

Senn's sole argument on appeal is that the evidence adduced at trial was insufficient to support the jury's verdict for the charge of carrying a concealed weapon. His motion to dismiss on that basis made at the end of the State's evidence was overruled by the trial court. I also note that Senn's attorney made no objections to any of the 12 proposed jury instructions, nor did he tender any proposed jury instructions that would have further defined what it means for a weapon to be concealed "on or about [Senn's] person."

I would conclude that the evidence was sufficient to place the issue before the jury based on Neb. Rev. Stat. § 28-1212 (Reissue 2008). In determining whether the evidence is sufficient to place the issue before a jury, § 28-1212 provides:

> The presence in a motor vehicle . . . of any firearm . . . shall be prima facie evidence that it is in the possession of and is carried by all persons occupying such motor vehicle at the time such firearm . . . is found, [unless] such firearm . . . is found upon the person of one of the occupants . . . .

See *State v. Jasper*, 237 Neb. 754, 758, 467 N.W.2d 855, 858 (1991) (explaining that "'[p]rima facie evidence'" means proof presented on issue is sufficient to submit issue to jury).

Given the evidence adduced at trial, it was appropriate for the issue to be submitted to the jury for its determination. The jury decided, after considering the evidence presented and the instructions it was given, that Senn was guilty of carrying a concealed weapon. Our standard of review in this case is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *State v. Irish*, 292 Neb. 513, 873 N.W.2d 161 (2016). Given our standard of review in this case, I believe that there was sufficient evidence to support the jury's verdict and that Senn's conviction should be affirmed.

As set forth in the majority opinion, the Nebraska Supreme Court has held that "[a] weapon is concealed on or about the person if it is concealed in such proximity to the driver of an automobile as to be convenient of access and within immediate physical reach." *State v. Saccomano*, 218 Neb. 435, 436, 355 N.W.2d 791, 792 (1984). After relying on Illinois and North Carolina law, the majority concludes that "within immediate physical reach" of a driver means within Senn's reach at the time he was pulled over. I believe the Nebraska Supreme Court's decisions in *State v. Goodwin*, 184 Neb. 537, 169 N.W.2d 270 (1969), and *Kennedy v. State*, 171 Neb. 160, 105 N.W.2d 710 (1960), indicate otherwise.

In *State v. Goodwin, supra*, a loaded pistol was found in the locked glove compartment of the defendant's automobile during a postarrest search. The defendant testified that the gun

had been locked inside the glove compartment for over a year. The Supreme Court affirmed the defendant's conviction for carrying a concealed weapon. It stated:

> Is a loaded pistol locked in a glove compartment concealed on or about the person of the driver? We determine that it is. The words "concealed on or about the person" mean concealed in such close proximity to the driver as to be convenient of access and within immediate physical reach. As we said in *Kennedy v. State*, . . . a weapon is concealed when it is hidden from ordinary observation and is readily accessible on his person or in a motor vehicle operated by the defendant. In that case the arresting officer opened the back door of defendant's car and found two loaded revolvers on the back seat.

*State v. Goodwin*, 184 Neb. at 541-42, 169 N.W.2d at 273.

In *State v. Goodwin, supra*, there was no evidence as to whether the defendant had the key to the glove compartment when his vehicle was stopped, nor did the court consider whether the defendant actually could have retrieved the weapon from the locked glove compartment. Instead, the Supreme Court found the evidence to be sufficient that the defendant had intentionally concealed the weapon in an accessible location and had control of and operated the vehicle. See *id.*

Further, there was no mention in the Supreme Court's decision of what type or size of vehicle the defendant had been driving, and thus, it is not clear whether the gun was actually "within immediate physical reach" of the defendant while in the driver's seat.

In *Kennedy v. State, supra*, after the defendant was arrested, a police officer opened a back door of the defendant's vehicle and found, visible for the first time, two revolvers lying beside a satchel and on top of an overcoat in the center of the back seat. The Supreme Court stated that the guns were readily accessible to the occupants of the vehicle and concluded

that the evidence was sufficient to support the guilty verdict on the concealed weapons charge.

I believe *Goodwin* and *Kennedy* extend the "within immediate physical reach" component to include situations in which access may require a two-step process or require some change in position of the driver. In *Goodwin*, the defendant would have had to unlock the glove compartment, assuming he had the key, and then retrieve the gun. The majority acknowledges that *Goodwin* stretches the requirement that the firearm be "within immediate physical reach."

Similarly, in *Kennedy*, the guns were on the back seat and found to be readily accessible. However, we do not know whether the defendant driver could have reached the guns on the back seat without changing his position to some extent.

I believe the present case is similar to *State v. Goodwin*, 184 Neb. 537, 169 N.W.2d 270 (1969), and to *Kennedy v. State*, 171 Neb. 160, 105 N.W.2d 710 (1960). The gun was in a firearms box in the cab of the U-Haul "partially behind the seat, with some clothing on top of it." Although the sheriff testified that Senn could not have reached the weapon while driving, a jury could have determined that it was in a location that was generally "readily accessible" and within immediate physical reach of Senn. While reaching the weapon would have required some maneuvering, this situation is analogous to the locked glove compartment in *State v. Goodwin, supra*.

Further, the evidence at trial showed that Senn could not have reached the weapon *while driving*. Although the Nebraska Supreme Court has interpreted "on or about" the person of the driver to mean "convenient of access and within immediate physical reach," see *State v. Goodwin, supra*, and *State v. Saccomano*, 218 Neb. 435, 355 N.W.2d 791 (1984), it has never said that the weapon must be within physical reach of the driver *while driving*.

Given our standard of review requiring us to view the evidence in the light most favorable to the prosecution, I would conclude that any rational trier of fact could have found

beyond a reasonable doubt that Senn was concealing a firearm on or about his person.

Further, the Nebraska Supreme Court has stated that the Legislature recognized that there may be mere technical violations without criminal intent and, therefore, provided the courts with great latitude in the imposition of penalties. *Bright v. State*, 125 Neb. 817, 252 N.W. 386 (1934). It is worthy of note that under § 28-1202, a first offense is a Class I misdemeanor and subsequent offenses are Class IV felonies. Neither carries a minimum penalty. See Neb. Rev. Stat. §§ 28-106 and 28-105 (Cum. Supp. 2014). In this case, Senn was fined only $200. Therefore, a decision affirming this conviction would not lead to unintended consequences. I believe the jury's verdict in this case should have been affirmed.